**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>       Defendants. | Case No.: 5:23-cv-01019-F |
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>       Defendants. | Case No.: 5:24-cv-00019-R |
| COREY SCHOENROCK, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>       Defendants. | Case No.: 5:24-cv-00012-F |

JOSEPH MINARIK, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,

Defendants.

Case No.: 5:24-cv-00014-J

**MEMORANDUM OF LAW IN SUPPORT OF DR. CALVIN E. MEIN'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ...................................................................................2

II.   PROCEDURAL HISTORY ..................................................................................6

III.  ARGUMENT .........................................................................................................6

    A.   Consolidation of the Actions Is Appropriate ..........................................6

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ............................8

        1.   Movant Filed a Timely Motion. .......................................................9

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ...................10

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ..............................10

            a.   Movant's Claims Are Typical. ................................................11

            b.   Movant Is An Adequate Representative. .................................12

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...........13

IV.   CONCLUSION .....................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ...................................................................9, 10

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001)...................................................................................... 13

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) .............................................................................. 12

*Eiger Biopharmaceuticals, Inc.,*
Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551 (N.D. Cal. Feb. 3, 2023). 13

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................... 7

*Ferreira v. Funko, Inc.,*
No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020) .......... 1

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) . 11

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) .............................................................................. 11

*Gilbert v. Azure, et al.,*
No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022).. 14

*Hom v. Vale, S.A.,*
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ................................................................ 1

*Johnson v. Celotex Corp.,*
899 F.2d 1281 (2d Cir. 1990)...................................................................................... 7

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ..................... 11

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11,
2006) ......................................................................................................................... 7

*Michalski v. Weber Inc., et al.,*
Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022) .......................................... 14

ii

*Patterson v. Cabaletta Bio, Inc., et al.*,
  Case 2:22-cv-00737-JMY (E.D. Pa. Aug. 10, 2022) ..................................................... 14

*Ryan v. FIGS, Inc. et al.*,
  Case No. 2:22-cv-07939-ODW (KSx) (C.D. Cal. Feb. 14, 2023) .............................. 13

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ..... 12

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................. 7

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23 .........................................................................................2, 9, 10, 11

Fed. R. Civ. P. 42(a) ................................................................................................. 7, 8

iii

Dr. Calvin E. Mein ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Caruso & Smith, PLLC ("Caruso & Smith") as Liaison Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons or entities who purchased or otherwise acquired publicly traded Paycom Software, Inc. ("Paycom" or the "Company") securities and/or sold publicly traded put options of Paycom between February 9, 2022 and November 1, 2023  (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants

---

[1] The actions entitled *Ventrillo v. Paycom Software, Inc., et. al.,* Case No. 5:23-cv-01019-F (the "*Ventrillo* Action"), and *Minarik v. Paycom Software, Inc., et. al.*, Case No. 5:24-cv-00014-J (the "*Minarik* Action") define the Class Period as May 3, 2023 through November 1, 2023, inclusive. The action styled *Caloto v. Paycom Software, Inc., et al.,* No. 5:24-cv-00019-R (the "*Caloto* Action") defines the Class Period as February 9, 2022 through October 31, 2023, inclusive. The action styled *Schoenrock v. Paycom Software, Inc., et al.,* No. 5:24-cv-00012-F F (the "*Schoenrock* Action") defines the Class Period as February 9, 2022 through November 1, 2023, inclusive. Movant adopts the most-inclusive Class Period defined in the *Schoenrock* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *4 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

Paycom, Chad Richison ("Richison"), and Craig Boelte ("Boelte") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff— *i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel and Caruso & Smith and Liaison Counsel should be approved because the firms have substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I.    FACTUAL BACKGROUND[2]

Paycom purports to be a "leading provider of a comprehensive, cloud-based human

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Ventrillo* Complaint") filed in the *Ventrillo* Action. Citations to "*Caloto* ¶ __" are to paragraphs of the Class Action Complaint (the "*Caloto* Complaint") filed in the *Caloto* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Ventrillo* and *Caloto* Complaints. The facts set forth in the *Ventrillo* and *Caloto* Complaints are incorporated herein by reference.

capital management ("HCM") solution delivered as "Software-as-a-Service" ("Saas"). ¶ 7.

On July 6, 2021, Paycom released a press release entitled "Paycom Launches Beti, an Industry-First Employee-Driven Payroll Solution." (the "Beti Announcement"). ¶ 16. Paycom characterized Beti (which stands for "Better Employee Transaction Interface") as the "industry's first self-service payroll technology allowing employees to do their own payroll, improving data accuracy, oversight and the user experience for businesses and their employees on each payroll cycle." *Id.*

In the Beti Announcement, Defendant Richison stated "[w]ith Beti, employees do their own payroll[.] ¶ 17. It should have always been this way, but the tech didn't exist. Today it does, and employers and employees will win with it." *Id.*

The statements contained in ¶¶ 18, 20-21, 23-24, 26, 28-29, 30, 31, 33, 34, 35, 36, 38, and 40 of the *Ventrillo* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 41. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Paycom's Beti product led to cannibalization of the Company's services and revenues; (2) Paycom knew but failed to disclose that Beti was leading to cannibalization of the Company's services and revenues, and failed to warn of cannibalization as a general risk; (3) As a result of cannibalization of revenue, Paycom missed its expected 3Q23 revenue and would have to revise its expected 2023 Revenues; (3) the cannibalization issue resulted in projected 2024 year-over-year revenue growth to between 10% and 12%, well below expectations; and (5) as a result,

3

Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

On August 1, 2023, after the close of trading, Paycom issued a press release and conducted a conference call announcing its 2Q23 financial results. *Caloto* ¶ 34. During the conference call held with investors and stock analysts later that afternoon, defendant Richison continued extolling the benefits that further Beti adoption was having on Paycom's payroll customers while concealing the negative financial impacts to Paycom, instead expressly maintaining that increased Beti adoption was actually "working" exactly as defendants had "anticipated." *Caloto* ¶ 35. Asked later during the call about the cause of the year-over-year decline in gross margins, defendant Boelte blamed increased head count "ahead of the growth" and said investors could continue to expect gross revenues in the 84%-86% range in the future. *Id.*

Yet because the projected range of $410 million to $412 million for 3Q23 revenues was slightly below the $412 million the market had been led to expect based on defendants' bullish Class Period statements, and because 3Q23 adjusted gross margin had contracted 100 basis points on a year-over-year basis, the market price of Paycom common stock declined nearly $71 per share – or almost 20% – when trading resumed on August 2, 2023, falling from its close of $369.51 per share on August 1 to close down at $298.59 on August 2, on unusually high volume of more than 2.4 million shares trading, or more than five times the average daily trading over the preceding ten trading days. *Caloto* ¶ 36.

On October 31, 2023, after market hours, Paycom filed with the SEC a current report on Form 8-K announcing its financial results for the period ended September 30, 2023

4

("3Q23"). ¶ 42. Also on October 31, 2023, after market hours, Defendants Richison and Boelte participated in the Company's Third Quarter of 2023 ("3Q23") earnings call (the "3Q23 Earnings Call"). ¶ 43. On the 3Q23 Earnings Call, Defendants shocked the market with the announcement that Beti was cannibalizing a portion of the Company's services and revenues, which led it to revise its guidance. ¶ 44.

The underwhelming quarterly result surprised analysts. According to *Investor's Business Daily*, which released an article after market hours on November 1, 2023 entitled "Paycom Stock Plunges on Q3 Revenue Miss, Weak, 2024 Outlook" (the "Investor's Business Daily Article"), analysts had expected revenue of "$411 million for the period ended Sept. 30." ¶ 46.

The *Investor's Business Daily* Article highlighted how analysts were surprised by this guidance. ¶ 50. It highlighted a Jefferies analyst's report, which said "[w]hile investors were braced for soft results and guidance, ***PAYC shocked everyone*** by providing an initial 2024 outlook for 10% to 12% rev growth[.] *Id*. Management largely attributed the second half weakness and 2024 outlook to cannibalization of services revenue." (Emphasis added). *Id*.

In the following exchange with defendants Richison and Boelte, Barclays analyst Raimo Lenschow asked about the Company's awareness of the Beti service posing issues to the Company's business. ¶ 51.

On this news about Beti cutting into Paycom's revenues, analysts downgraded Paycom's stock. ¶ 52. Before market hours on November 1, 2023, *Barrons* released an article (which it subsequently updated during market hours) entitled "Paycom Software

5

sinks 37% as Analysts Downgrade the Stock After Revenue Cut." *Id.*

In response to this news, the price of Paycom stock 38.38%, or plunged $94.28 per share, to close on November 1, 2023 at $150.37 per share, on unusually heavy trading volume, damaging investors.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Ventrillo* Action against the Defendants. Plaintiff Angelo Ventrillo Jr. ("Ventrillo") commenced the first-filed action on November 10, 2023. On that same day, counsel acting on Ventrillo's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Mark A. Smith in Support of Movant's Motion ("Smith Decl.").

On December 21, 2023, a substantially similar action was filed against Paycom in the United States District Court for the Southern District of New York, the *Caloto* Action, No. 1:23-cv-11086-LJL (S.D.N.Y.). Then, a third action was filed against Defendants in this district on January 4, 2024, the *Schoenrock* Action. Lastly, a fourth action was filed against Defendants in this district on January 5, 2024, the "*Minarik* Action. On January 8, 2024 the *Caloto* Action case was transferred to this district. No. 5:24-cv-00019-R (ECF No. 8). Movant has requested consolidation of the *Ventrillo*, *Caloto*, *Schoenrock*, and *Minarik* Actions.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and

7

circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**B.      Appointing Movant as Lead Plaintiff Is Appropriate**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the
> relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
> Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

8

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $1,659,500 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Smith Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On November 10, 2023 , pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Plaintiff published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Paycom securities that they had 60 days from the publication of the November 10, 2023 notice to file a motion to be appointed as lead plaintiff. *See* Smith Decl., Ex. C.

Movant timely filed his motion within the 60-day period following publication of the November 10, 2023 Press Release and submitted herewith a sworn certification attaching his transactions in Paycom securities and attesting that he is willing to serve as

9

representative of the Class. *See* PSLRA Certification, Ex. A to Smith Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Paycom securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $1,659,500. *See* Smith Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement— the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the

requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

11

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Paycom's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Paycom securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.     Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky and Caruso & Smith, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Smith Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

12

Moreover, Movant considers himself to be an experienced investor, having been investing in the stock market for 48 years. *See* Smith Decl., Ex. D, Movant's Declaration in support of his motion. He resides in San Antonio, Texas, and possesses a Doctor of Medicine degree. *Id*. Movant is currently employed as an Ophthalmologist and Retinal Specialist at Retina Consultants of Texas. *Id*. Movant founded Retina Consultants of San Antonio ("RCSA") 32 years ago. *Id*.  Two years ago, Retina Consultants of America purchased RCSA, changing the name to Retina Consultants of Texas, and he continued to work at the practice. *Id*. Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business matters relating to RCSA and a malpractice suit. *Id*.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky and to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel, and Caruso & Smith as Liaison Counsel, in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Smith Decl. as Exs. E and F. Moreover, Levi & Korsinsky has often been appointed as

13

lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; (3) approving his selection of Levi & Korsinsky as Lead Counsel and Caruso & Smith as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

14

Dated: January 9, 2024                    Respectfully Submitted,


**CARUSO & SMITH, PLLC**

By: /s/ *Mark A. Smith*
Mark A. Smith, OBA #31231
Dennis A. Caruso, OBA #11786
2021 South Lewis Avenue Suite 720
Tulsa, OK 74104
Tel: 918-583-5900
Fax: 918-583-5902
msmith@carusosmithok.com
dcaruso@carusosmithok.com

*Liaison Counsel for Movant and
[Proposed] Liaison Counsel for the
Class*

Adam M. Apton (*pro hac vice*
forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and
[Proposed] Lead Counsel for the Class*


15

**<u>CERTIFICATE OF SERVICE</u>**

I, Mark A. Smith, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 9th day of January, 2024.

/s/ *Mark A. Smith*
Mark A. Smith

16