**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated, | Case No. 5:23-cv-01019-F |
| Plaintiff, | |
| v. | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | |
| Defendants. | |
| COREY SCHOENROCK, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:24-cv-00012-F |
| Plaintiff, | |
| v. | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | |
| Defendants. | |
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated, | Case No. 5:24-cv-00014-F |
| Plaintiff, | |
| v. | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | |
| Defendants. | |

| | |
|---|---|
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG E. BOELTE,<br><br>Defendants. | Case No. 5:24-cv-00019-F |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRENDA HERBERT FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

1

Plaintiff Brenda Herbert ("Herbert") respectfully submits this memorandum of law in support of her motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) consolidating the above-captioned related actions; (2) appointing Herbert as lead plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Herbert's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Federman & Sherwood ("F&S") as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper.

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that acquired Paycom Software, Inc. ("Paycom" or the "Company") securities between February 9, 2022 and November 1, 2023, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Herbert believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Herbert satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other class members' claims, and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision,

Herbert respectfully submits that she is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Herbert's selection of GPM as lead counsel and F&S as liaison counsel for the class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Paycom purports to be a "leading provider of a comprehensive, cloud- based human capital management ("HCM") solution delivered as "Software-as-a-Service" ("Saas").

The complaint filed in this action alleges that throughout the Class Period, Defendants failed to disclose material adverse facts about Paycom's business, operations and prospects. Specifically, Defendants failed to disclose to investors that: (1) Paycom's Beti product led to cannibalization of the Company's services and revenues; (2) Paycom knew but failed to disclose that Beti was leading to cannibalization of the Company's services and revenues, and failed to warn of cannibalization as a general risk; (3) as a result of cannibalization of revenue, Paycom missed its expected 3Q23 revenue and would have to revise its expected 2023 Revenues; (4) the cannibalization issue resulted in projected 2024 year-over-year revenue growth of between 10% and 12%, well below expectations; and (5) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On October 31, 2023, Paycom released its third quarter 2023 financial results and provided financial projections for 2024, estimating 10-12% revenue growth compared to analyst estimates of a 21% increase. The following day, November 1, 2023, Reuters published an article reporting

---

[1] This section as adapted from the allegations in the complaints.

3

that Paycom "executives said a jump in usage of its flagship product Beti, which increases efficiency for clients by letting their employees do their own payroll, was 'cannibalizing' some revenues it would have otherwise earned."

On this news, Paycom's stock price fell $94.28, or 38.4%, to close at $150.69 per share on November 1, 2023, thereby injuring investors.

## III.    PROCEDURAL HISTORY

On November 10, 2023, Plaintiff Angelo Ventrillo Jr. commenced a class action lawsuit against Paycom and certain of its officers captioned *Ventrillo v. Paycom Software, Inc et al.,* Case No. 5:23-cv-01019-F (the "*Ventrillo* Action"). It alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of investors that purchased shares between May 3, 2023 and November 1, 2023.

On December 21, 2023, Plaintiff Chris H. Caloto commenced a substantially similar class action against Paycom, captioned *Caloto v. Paycom Software, Inc. et al.*, Case No. 5:24-cv-00019-F (the "*Caloto* Action.") The *Caloto* Action is brought against the same Defendants and alleges the same violations of the Exchange Act on behalf of investors that purchased shares between February 9, 2022 and October 31, 2023.

On January 4, 2024, Plaintiff Corey Schoenrock commenced a substantially similar class action against Paycom, captioned *Schoenrock v. Paycom Software, Inc. et al.*, Case No. 5:24-cv-00012-F (the "*Schoenrock* Action.") The *Schoenrock* Action is brought against the same Defendants and alleges the same violations of the Exchange Act on behalf of investors that acquired publicly traded Paycom securities and/or sold publicly traded put options of Paycom between February 9, 2022 and November 1, 2023.

On January 5, 2024, Plaintiff Joseph Minarik commenced a substantially similar class action against Paycom, captioned *Minarik v. Paycom Software, Inc. et al.*, Case No. 5:24-cv-00014-F

4

(the "*Minarik* Action," and together with the *Ventrillo, Caloto, and Schoenrock* Actions, the "Related Actions"). The *Minarik* Action is brought against the same Defendants and alleges the same violations of the Exchange Act on behalf of investors that purchased or otherwise acquired Paycom common stock between May 3, 2023 and November 1, 2023.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Scuderi v. Mammoth Energy Servs., Inc.*, No. 19-cv-522, 2019 WL 4397340, at *2 (W.D. Okla. Sept. 13, 2019) (consolidating actions where "each name as defendants," and "arise from the same factual and legal issues").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Herbert Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

"rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Herbert satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Herbert has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Herbert is not aware of any unique defenses Defendants could raise against her that would render her inadequate to represent the class. Accordingly, Herbert respectfully submits that she should be appointed lead plaintiff.

### 1. Herbert Is Willing to Serve as Class Representatives

Herbert has made a timely motion in response to a PSLRA early notice. On November 10, 2023, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of William B. Federman ("Federman Decl."), Ex. A. Therefore, Herbert had sixty days (until January 9, 2024) to file a motion to be appointed as lead plaintiff. As

a purchaser of Paycom securities during the Class Period, Herbert is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in her PSLRA certification, Herbert attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as representatives of the class. Federman Decl., Ex. B. Accordingly Herbert satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Herbert Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Herbert purchased Paycom securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $39,800. *See* Federman Decl., Ex. C. To the best of her knowledge, Herbert is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Herbert believes she has the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Herbert Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the

representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23.

### a.    Herbert's Claims Are Typical

"The typicality requirement is satisfied 'so long as the claims of the class representative and class members are based upon the same legal theory or remedial theory.'" *Mammoth*, 2019 WL 4397340, at *3 (citation omitted).

Here, Herbert's claims are typical of the claims asserted by the proposed class. Like all members of the class, Herbert acquired Paycom securities during the Class Period and suffered losses as a result of her transactions. Like all members of the class, Herbert alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning Paycom's operations and financial prospects. Herbert's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Paycom securities caused by Defendants' alleged misrepresentations and omissions. Accordingly, Herbert's interests and claims are typical of the interests and claims of the class.

### b.    Herbert Is an Adequate Representative

The adequacy requirement is satisfied where movant shows "'(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is experienced and able to vigorously conduct the proposed litigation.'" *Mammoth*, 2019 WL 4397340, at *4 (citation omitted).

Here, Herbert easily satisfies the adequacy requirements. Herbert's financial interest demonstrates that she has a sufficient incentive to ensure vigorous advocacy, and Herbert is not aware of any conflict between her claims and those asserted on behalf of the class. Moreover, Herbert has retained competent and experienced counsel with the resources and experience to effectively prosecute this action. *See* Federman Decl., Exs. D & E. Consequently, Herbert has

8

demonstrated that she meets all the PSLRA's requirements for a lead plaintiff, and her request for appointment as lead plaintiff should therefore be granted.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Herbert has selected GPM as lead counsel and F&S as liaison counsel for the class. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Federman Decl., Exs. D & E, the Court may be assured that in the event their motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Herbert's selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Herbert requests that the Court grant her motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Herbert as Lead Plaintiff, (3) approving Glancy Prongay & Murray LLP as Lead Counsel and Federman & Sherwood as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Dated: January 9, 2024

By: */s/ William B. Federman*
William B. Federman, OBA #2853
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Liaison Counsel for Lead Plaintiff Movant Brenda Herbert and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay

9

Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Brenda Herbert
and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

10

**CERTIFICATE OF SERVICE**

I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on January 9, 2024.

/s/ William B. Federman
William B. Federman

11