## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated, | Case No. 5:23-cv-01019-F |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF AMY FISHER TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL** |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | |
| Defendants. | |
| COREY SCHOENROCK, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:24-cv-00012-F |
| Plaintiff, | |
| v. | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | |
| Defendants. | |
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated, | Case No. 5:24-cv-00014-F |
| Plaintiff, | |
| v. | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | |
| Defendants. | |
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:24-cv-00019-F |

Plaintiff,

v.

PAYCOM SOFTWARE, INC., CHAD
RICHISON, and CRAIG BOELTE,

Defendants.

011216-11/2423492 V1

Movant Amy Fisher ("Ms. Fisher" or "Movant"), respectfully submits her memorandum in support of her motion for: (1) consolidation of the above-captioned actions (the "Related Actions"); (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (3) approval of her selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Federman & Sherwood as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.     PRELIMINARY STATEMENT

The four above-captioned related securities class actions are currently pending in this District, are brought on behalf of putative classes of persons or entities who purchased or otherwise acquired Paycom Software, Inc. ("Paycom" or the "Company") securities and against Paycom and two of its executives, and similarly allege claims for violations of the Securities Exchange Act of 1934 ("1934 Act").[1]  Given that the actions assert substantially identical claims against identical Defendants on behalf of overlapping classes of investors

---

[1] The *Ventrillo Jr.* and *Minarik* Actions allege claims against Defendants on behalf of persons and entities that purchased or otherwise acquired Paycom securities between May 3, 2023 and November 1, 2023, inclusive.  Based on Ms. Fisher's counsel's investigation to date and the known public facts, Ms. Fisher submits the *Ventrillo Jr.*'s and *Minarik* Action's alleged class period is the proper alleged class period and adopts this class period for purposes of the instant motion.

that purchased Paycom securities during similar class periods, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).[2]

Pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, Ms. Fisher should be appointed as lead plaintiff because she: (1) timely filed her Motion; (2) has the largest financial interest in the outcome of her litigation to best of her knowledge; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Ms. Fisher's selection of Hagens Berman to serve as Lead Counsel and Federman & Sherwood to serve as Liaison Counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.  PROCEDURAL BACKGROUND

On November 10, 2023, the *Ventrillo Jr.* Action was filed in this Court against Paycom and other defendants (collectively, "Defendants"). Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on that same day, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (January 9, 2024). *See* Gilmore Decl., Exhibit C.

---

[2] The *Caloto* and *Schoenrock* Actions allege class periods beginning over one year earlier the class period alleged in the *Ventrillo Jr.* and *Minarik* Actions: February 9, 2022 and October 31, 2023, inclusive, and February 9, 2022 and November 1, 2023, inclusive, respectively. Based on Ms. Fisher's counsel's investigation to date and the known public facts, Ms. Fisher submits the *Caloto* and *Schoenrock's* Actions' elongated alleged class periods are not factually justified at this juncture and should be disregarded for purposes of ruling on the instant motion.

- 2 -

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Id*. Here the Related Actions are based upon the same alleged misconduct, name common Defendants, allege overlapping class periods, overlap in class definition, and assert identical claims. Consolidation, therefore, is appropriate. *See, e.g., Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *2 (W.D. Okla. Sept. 13, 2019) (consolidating related securities class actions since they arose from the same factual and legal issues).

#### B.    Ms. Fisher Should be Appointed Lead Plaintiff

##### 1.    The procedural requirements pursuant to the PSLRA.

The PSLRA outlines a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Ventrillo Jr.* Action published a notice on *Business Wire* on November 10, 2023. *See* Gilmore Decl., Exhibit C. The notice indicated that applications for appointment

as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be January 9, 2024. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u- 4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

**C.    Ms. Fisher is "The Most Adequate Plaintiff"**

**1.    Ms. Fisher has complied with the PSLRA and should be appointed Lead Plaintiff.**

Ms. Fisher moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement.

- 4 -

The plaintiff in the first-filed *Ventrillo Jr.* Action published notice on *Business Wire*, a national business-oriented wire service, on November 10, 2023. Accordingly, Movant meets the requirements of 15 U.S.C. § 78u- 4(a)(3)(A) and (B) and has filed her motion by January 9, 2024.

### 2.   Movant has the largest known financial interest.

As indicated in her Certification and loss chart, Ms. Fisher purchased 4,771 shares of Paycom securities during the proper alleged Class Period of May 3, 2023 and November 1, 2023, inclusive, as set forth in the above-captioned *Ventrillo Jr.* and *Minarik* Actions, and suffered approximately $348,693.47 in losses on these transactions. *See* Gilmore Decl., Exs. A, B. To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Ms. Fisher satisfies the PSLRA's "largest financial interest" requirement.

### 3.   Ms. Fisher satisfies the requirements of Rule 23.

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisfy] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *See, Mammoth Energy Servs., Inc.,* 2019 WL 4397340, at *3, n.6 (citing *In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000)).

Ms. Fisher satisfies the typicality requirement as she seeks to represent a class of similarly situated purchasers of Paycom securities and suffered a loss as a result of

011216-11/2423492 V1

Defendants' alleged misconduct. *See, Mammoth Energy Servs., Inc.,* 2019 WL 4397340, at *3 (citing *Wolfe v. AspenBio Pharma, Inc.* 275 F.R.D. 625, 628 (D. Colo. 2011)).

Ms. Fisher similarly satisfies the adequacy requirement as her interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Ms. Fisher has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon her very large financial losses suffered as a result of the wrongful conduct alleged in the Action. Her motivation, combined with her identical interest with the members of the Class, demonstrates that she will vigorously pursue the interests of the Class. In addition, Movant has selected a law firm to represent her and the Class that is highly experienced in prosecuting securities class actions. *See In re Ribozyme*, 192 F.R.D. at 659.

In sum, because of Ms. Fisher's common interests with the Class members, it is clear she is motivated and able to vigorously pursue this Action, she has selected competent counsel, and she is adequate. Thus, the Movant satisfies the requirements of Rule 23(a)(3) and (4).

**D.    The Court Should Approve Movant's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ms. Fisher has selected Hagens Berman to serve as Lead Counsel for the Class. The firm has not only prosecuted complex securities fraud actions but has also successfully

prosecuted many other types of complex class actions as lead and/or class counsel. *See* Gilmore Decl., Ex. D. The Court may be assured that in the event the Ms. Fisher's Motion is granted, the members of the Class will receive the highest caliber of legal representation. Movant also requests that the Court approve her selection of Liaison Counsel. Federman & Sherwood is familiar with practice in this district and has a well-respected reputation for practice in this Court. *See* Gilmore Decl., Ex. E.

## IV. CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court enter an order: (1) consolidating the Related Actions; (2) appointing her to serve as Lead Plaintiff in this Action; (3) approving her selection of Lead and Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated:  January 9, 2024                     Respectfully Submitted,

By   */s/ William B. Federman*
    WILLIAM B. FEDERMAN, OBA #2853
William B. Federman, OBA #2853
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile:  (405) 239-2112
wbf@federmanlaw.com

- 7 -

011216-11/2423492 V1

Reed Kathrein (*pro hac vice* forthcoming)
Lucas E. Gilmore (*pro hac vice* forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Movant Amy Fisher*

011216-11/2423492 V1