UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANGELO VENTRILLO JR., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 5:23-cv-01019-F |
| Plaintiff, | ) ) ) ) | MICHIGAN LABORERS' PENSION FUND'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF |
| vs. | ) ) ) | |
| PAYCOM SOFTWARE, INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | |
| COREY SCHOENROCK, Individually and on Behalf of All others Similarly Situated, | ) ) ) | No: 5:24-cv-00012-F |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| PAYCOM SOFTWARE, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

[Caption continued on following page.]

4877-0836-0090.v3

| | | |
|---|---|---|
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated, | ) | No: 5:24-cv-00014-F |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAYCOM SOFTWARE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | No: 5:24-cv-00019-F |
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAYCOM SOFTWARE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

4877-0836-0090.v3

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     STATEMENT OF FACTS ...................................................................................... 2

III.    ARGUMENT ......................................................................................................... 3

        A.      The Related Actions Should Be Consolidated ............................................. 3

        B.      The Pension Fund Is the "Most Adequate Plaintiff" and Should Be
                Appointed Lead Plaintiff .............................................................................. 5

                1.      The Pension Fund's Motion Is Timely ............................................... 6

                2.      The Pension Fund Has the Largest Financial Interest in the
                        Relief Sought by the Class ................................................................. 6

                3.      The Pension Fund Is Typical and Adequate of the Putative
                        Class ................................................................................................... 6

        C.      The Court Should Approve the Pension Fund's Selection of Counsel ......... 8

IV.     CONCLUSION ...................................................................................................... 9

4877-0836-0090.v3

# TABLE OF AUTHORITIES

**Page**

## CASES

*Cupat v. Palantir Techs. Inc.*,
No. 1:22-cv-02384-CNS-SKC (D. Colo. Dec. 6, 2022) ................................................ 8

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ....................................................................... 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..................................................................................... 7

*In re Doral Fin. Corp. Sec. Litig.*,
414 F. Supp. 2d 398 (S.D.N.Y. 2006)..................................................................... 4

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) .................................................................................. 9

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)............................................................... 9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ................................................................ 9

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.).................................................................. 9

*Laborers' Local #231 Pension Fund v. PharMerica Corp.*,
No. 3:18-cv-00109-RGJ-CHL, ECF 51 (W.D. Okla. Dec. 17, 2018) .......................... 8

*Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ................................................................................ 9

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) ............................................................................ 4

*Scuderi v. Mammoth Energy Servs., Inc.*,
2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) .................................................. 4, 6, 8

4877-0836-0090.v3

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.

§78j(b) ............................................................................................................... 1

§78t(a) ............................................................................................................... 1

§78u-4 ........................................................................................................ *passim*

§78u-4(a)(1) ....................................................................................................... 5

§78u-4(a)(3)(A) .................................................................................................. 6

§78u-4(a)(3)(A)(i) ............................................................................................... 5

§78u-4(a)(3)(B)(i) ........................................................................................... 2, 5

§78u-4(a)(3)(B)(ii) .......................................................................................... 2, 4

§78u-4(a)(3)(B)(iii) ......................................................................................... 2, 4

§78u-4(a)(3)(B)(iii)(I) ........................................................................................ 6

§78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................. 6

§78u-4(a)(3)(B)(v) .......................................................................................... 2, 8

Federal Rules of Civil Procedure

Rule 23 ....................................................................................................... 5, 6, 7

Rule 42(a) .................................................................................................... 1, 2, 4

4877-0836-0090.v3

**MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Michigan Laborers' Pension Fund hereby moves this Court for an order: (1) consolidating the four above-captioned related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing Michigan Laborers' Pension Fund as Lead Plaintiff in the consolidated action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approving Michigan Laborers' Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the class.  This Motion is made on the grounds that Michigan Laborers' Pension Fund is the "most adequate plaintiff" to serve as Lead Plaintiff and is accompanied by a Memorandum of Law and Declaration of Michael Burrage, filed concurrently herewith.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Presently pending before this Court are four related securities class action lawsuits brought against Paycom Software, Inc. ("Paycom" or the "Company") and two of the Company's executive officers alleging violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act"): (1) *Ventrillo v. Paycom Software, Inc.*, No. 5:23-cv-01019-F (W.D. Okla.) (the "*Ventrillo* Action"); (2) *Schoenrock v. Paycom Software, Inc.*, No. 5:24-cv-00012-F (W.D. Okla.) (the "*Schoenrock* Action"); (3) *Minarik v. Paycom Software, Inc.*, No. 5:24-cv-00014-F (W.D. Okla.) (the "*Minarik* Action"); and (4) *Caloto v. Paycom Software, Inc.*, No. 5:24-cv-00019-F (W.D. Okla.) (the "*Caloto* Action") (collectively, the "Related Actions").  Pursuant to the Private Securities Litigation Reform

- 1 -

Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Michigan Laborers' Pension Fund (the "Pension Fund") respectfully submits that it is the presumptively most adequate plaintiff in this case because it has filed a timely motion in response to a notice, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS

Paycom provides cloud-based human resources and payroll functions for small to mid-sized companies. In July 2021, Paycom officially rolled out a new application called "Beti," which stands for Better Employee Transaction Interface, as an enhancement to Paycom's then-existing payroll offerings.

The Related Actions allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Paycom had been relying upon

- 2 -

a significant, but undisclosed, amount of one-off payroll correction fees to fuel its outsized revenue growth; (ii) increased adoption of Beti by Paycom's payroll customers was cannibalizing the fees the Company had previously been charging to correct common payroll mistakes and to provide related services; and (iii) the increased Beti adoption was decreasing Paycom's gross profit margins.

On August 1, 2023, Paycom announced its gross margin for the second quarter of 2023 declined from 84.2% to 83.2%. The Company further projected revenue guidance for the third quarter of 2023 between $410 million to $412 million, below market expectations. On this news, the price of Paycom stock fell more than 19%.

Then, on October 31, 2023, Paycom disclosed that increased Beti adoption had been cannibalizing the one-off fees the Company had previously been receiving for correcting payroll errors and that Paycom had been relying on those additional payroll correction fees to support its past outsized revenue growth. On this news, the price of Paycom stock fell more than 38%.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Paycom's stock, the Pension Fund and other class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is

4877-0836-0090.v3

rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also Scuderi v. Mammoth Energy Servs., Inc.*, 2019 WL 4397340, at *1 (W.D. Okla. Sept. 13, 2019) (addressing issue of consolidation before lead plaintiff).

Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Scuderi*, 2019 WL 4397340, at *1. The Related Actions present substantially similar factual and legal issues implicating the same defendants, and have overlapping class periods.[1] Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

---

[1] The *Ventrillo* Action alleges a class period between May 3, 2023 and November 1, 2023; the *Schoenrock* Action alleges a class period between February 9, 2022 and November 1, 2023; the *Minarik* Action alleges a class period between May 3, 2023 and November 1, 2023; and, the *Caloto* Action alleges a class period between February 9, 2022 and October 31, 2023. This difference in the class periods will be easily reconciled by the eventual lead plaintiff upon the filing of a consolidated complaint. For purposes of this motion, and a determination of the "largest financial interest in the relief sought by the class," (15 U.S.C. §78u-4(a)(3)(B)(iii), the Pension Fund uses the most inclusive class period of the Related Actions. *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members"); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) ("courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period").

- 4 -

**B.      The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on November 10, 2023 in connection with the first-filed *Ventrillo* complaint.  *See* Declaration of Michael Burrage in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel ("Burrage Decl."), Ex. A (attached hereto as Exhibit 1).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 5 -

4877-0836-0090.v3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund meets these requirements and should be appointed Lead Plaintiff.

### 1.    The Pension Fund's Motion Is Timely

On November 10, 2023, the statutory notice in connection with the filing of the complaint in the first-filed *Ventrillo* Action was published in *Business Wire*.  The notice advised class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff on January 9, 2024. *See* Burrage Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  Because this motion is being timely filed by the statutory deadline, the Pension Fund is eligible for appointment as lead plaintiff.

### 2.    The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Pension Fund purchased 2,510 Paycom shares and suffered approximately $321,651 in losses as a result of defendants' alleged violations of the federal securities laws.  *See* Burrage Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Fund meets the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Pension Fund Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "The typicality requirement is satisfied 'so long as the claims of the class representative and class members are based upon the same legal theory or remedial theory.'"  *Scuderi*, 2019 WL

- 6 -

4397340, at *3 (citation omitted).  Here, the Pension Fund's claims are typical of those of the class because – like all class members – it purchased Paycom securities during the Class Period at artificially inflated prices, thereby suffering damages in connection with defendants' violations of the federal securities laws.  The Pension Fund therefore satisfies the typicality requirement of Rule 23.

"To establish adequacy, the [lead plaintiff movant] must show '(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is experienced and able to vigorously conduct the proposed litigation.'" *Id*. (citation omitted).  The Pension Fund is also adequate because its interests in the Related Actions are aligned with the interests of the other members of the class.  The Pension Fund is highly incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing based on, among other things, the substantial loss it suffered.  Further, as a public pension fund overseeing more than $1 billion in assets for the benefit of thousands of plan members, the Pension Fund is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001). The Pension Fund therefore satisfies the typicality and adequacy requirements of Rule 23 and is entitled to the PSLRA's most adequate plaintiff presumption.

4877-0836-0090.v3

### C.    The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts recognize that, while the appointment of counsel is subject to the court's approval, [s]electing a lawyer in whom a litigant has confidence is an important client prerogative and . . . the [PSLRA] clearly leaves the choice of counsel in the hands of the lead plaintiff.'" *Scuderi*, 2019 WL 4397340, at *6 (citation omitted). The Pension Fund has selected Robbins Geller to serve as Lead Counsel.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices around the country, specializes in complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Laborers' Local #231 Pension Fund v. PharMerica Corp.*, No. 3:18-cv-00109-RGJ-CHL, ECF 51 (W.D. Okla. Dec. 17, 2018) (approving lead plaintiff's selection of Robbins Geller as lead counsel); *Cupat v. Palantir Techs. Inc.*, No. 1:22-cv-02384-CNS-SKC, ECF 34 (D. Colo. Dec. 6, 2022) (same). Notably, Robbins Geller obtained the largest securities class action recovery ever in the

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4877-0836-0090.v3

Tenth Circuit. *See In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery).

Robbins Geller's extensive experience serving as lead counsel in securities class actions supports appointment here.[3] The Court should approve the Pension Fund's selection of Robbins Geller as lead counsel.

## IV.   CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court consolidate the Related Actions, appoint it as Lead Plaintiff, and approve its selection of Lead Counsel.

DATED:  January 9, 2024                Respectfully submitted,

                                       WHITTEN BURRAGE
                                       MICHAEL BURRAGE (OBA No. 1350)
                                       REGGIE WHITTEN (OBA No. 9576)


                                              s/ Michael Burrage
                                       _____
                                              MICHAEL BURRAGE

---

[3]   *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4877-0836-0090.v3

512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone: 405/516-7800
mburrage@whittenburragelaw.com
rwhitten@whittenburragelaw.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

WATKINS, PAWLICK, CALATI
  & PRIFTI, PC
LAUREN CRUMMEL
1423 East Twelve Mile Rd.
Madison Heights, Michigan 48071
Telephone:  248/ 658-0800
248/658-0801 (fax)
lcrummel@wpcplaw.com

Additional Counsel

- 10 -