William B. Federman
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560

*Proposed Liaison Counsel for the Class*

*[Additional counsel appear on signature page]*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>Defendants. | Case No.: 5:23-CV-01019-F |
| COREY SCHOENROCK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>Defendants. | Case No.: 5:24-CV-00012-F |

[Caption continues on following page.]

| | |
|---|---|
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>        Defendants. | Case No.: 5:24-CV-00014-J |
| CHRIS H. CALOTO, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>        Defendants. | Case No. 5:24-cv-00019-F |

## MEMORANDUM OF LAW OF JOSEPH MINARIK IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movant Joseph Minarik ("Mr. Minarik" or "Movant") respectfully submits this memorandum in opposition to the competing lead plaintiff motions filed by Dr. Calvin E. Mein ("Dr. Mein") (Dkt. No. 16), Amy Fisher ("Ms. Fisher") (Dkt. No. 27), Brenda Herbert ("Ms. Herbert") (Dkt. No. 22), and the Michigan Laborers' Pension Fund (the "Fund") (Dkt. No. 30).

### I.      INTRODUCTION

Before the Court are five lead plaintiff motions. Only one lead plaintiff movant, Dr. Mein, claims to have suffered a larger loss than Mr. Minarik. While Dr. Mein claims to have suffered

2

marginally larger losses than Mr. Minarik, Dr. Mein should not be considered the presumptive lead plaintiff. Preliminarily, it is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing alleged losses. Numerical loss is only a first step in the process. *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc)). The next step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23. *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Here, Mr. Minarik has over $1,231,553 in *Dura* losses. Dkt. No. 21-3.[1] Dr. Mein claims *Dura* losses of $1,302,000. Dkt. No. 18-2. Given the marginal difference between Mr. Minarik and Dr. Mein's losses, the Court should appoint the movant that best satisfies Rule 23's typicality and adequacy requirements. Mr. Minarik is more than adequate to serve as lead plaintiff and should therefore be deemed the presumptive lead plaintiff. Because no movant can offer any proof that Mr. Minarik is inadequate or atypical, the Court should appoint Mr. Minarik as lead plaintiff and approve his selection The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Federman & Sherwood as Liaison Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.    ARGUMENT

When two investors' financial stakes are essentially the same, the Court must choose between them by determining which contender better satisfies Rule 23(a)'s adequacy and typicality requirements. As courts have explained, a "comparative inquiry" is appropriate to determine who among them "is the most adequate." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 816 n.6 (N.D. Ohio 1999); *see also In re BP, PLC Sec. Litig*, 758 F. Supp. 2d 428, 435 n.6 (S.D. Tex. 2010); *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1338–39 (N.D. Ala. 2000). The

---

[1] Mr. Minarik's *Dura* and financial losses are the same, as he sold his Paycom shares after the close of the Class Period. Dkt. No. 21-3.

statute's text supports focusing on the Rule 23(a) factors in this situation. The PSLRA requires courts, when faced with competing motions for appointment as lead plaintiff, to determine whether the contenders will "fairly and adequately" represent the class and whether they are "subject to unique defenses" that make their claims atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### A.  MR. MINARIK BETTER SATISFIES RULE 23'S ADEQUACY AND TYPICALITY REQUIREMENTS

A comparative inquiry clearly favors Mr. Minarik. As explained below, Mr. Minarik will more adequately protect class interests, and his claims are typical of those asserted by the putative class. Mr. Minarik should thus be appointed lead plaintiff.

#### a.  Mr. Minarik Will More Fairly and Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Mr. Minarik is the most adequate representative for two reasons.

First, Mr. Minarik satisfies the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, at 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Limited, et al.*, 2018 WL 1779348, at \*3 (S.D.N.Y April 12, 2018). Moreover, Mr. Minarik possesses a background that is well suited to acting as lead plaintiff in this case. Mr. Minarik is an experienced and sophisticated investor who has been investing since the late 1990's. Dkt. No. 20. In addition, Mr. Minarik holds a bachelor's degree in computer science. *Id*. Given that Paycom is a software company, Mr. Minarik's educational background renders him well-positioned to lead the class and advance its interests.

Second, Mr. Minarik has selected Lead and Liaison Counsel that has successfully prosecuted securities class actions in this Court. For example, Rosen Law was Lead Counsel in the securities class action case *Duane and Virginia Lanier Trust v. Sandridge Energy Inc. et al*, Case No. 5:15-cv-00634 (W.D. Okla.) that reached a $13.9 million settlement after over seven years of hard-fought litigation in this Court.

In the Quest Energy Partners LP and Quest Resources class actions, Rosen Law worked cooperatively with Federman & Sherwood LLP ("Federman & Sherwood") as Lead and Liaison Counsel to the respective classes to achieve a $10.1 million global settlement. *See Jents v. Quest Resource Corp. et al*, Case No. 5:08-cv-00968-M (W.D. Okla.); *Friedman v. Quest Energy Partners LP et al*, Case No. 5:08-cv-00936-M (W.D. Okla.); *Emerson et al v. Quest Resource Corp. et al*, Case No. 5:09-cv-01226-M (W.D. Okla.); *Bristol Capital Advisors v. Quest Resource Corp. et al*, Case No. 5:09-cv-00932 (W.D. Okla.).

Outside of this District, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country and has recovered hundreds of millions of dollars for investors. Dkt. No. 21-4.  In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen Law as the Number 3 securities class action firm both in terms of amount recovered for investors — $438,340,000 — and number of settlements — 12.[2] Founding partner, Laurence Rosen, was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

Likewise, Federman & Sherwood is one of the leading boutique AV rated investor and plaintiff complex litigation law firms in the country. With offices in Oklahoma City and Dallas, the firm litigates securities, shareholder derivative, data breach, and consumer class action lawsuits

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

throughout the country. Federman & Sherwood has served as lead or co-lead counsel in securities fraud class action lawsuits throughout the country and has successfully prosecuted numerous complex securities actions in this and other districts. For example, the firm was appointed lead or co-lead counsel in numerous securities class actions including, but not limited, to *Carbone v. Amyris, Inc., et al.*, No. 4:19-cv-01765 (N.D. Cal.); *In re Galena Biopharma, Inc. Securities Litigation*, No. 2:17-cv-00929 (D.N.J.); *In re Houston American Energy Corp. Securities Litigation*, No. 4:12-cv-01332 (S.D. Tex.); *Perez v. Izea, Inc. et al.*, No. 2:18-cv-02784 (C.D. Cal.); and *Angley v. UTI Worldwide, Inc., et al.*, No. 2:14-cv-02066 (C.D. Cal.).

Further, Federman & Sherwood has an excellent reputation in the Western District of Oklahoma. This Court has favorably commented on Federman & Sherwood's ability to prosecute complex cases. This Court, in approving a proposed class action settlement stated:

> Finally, let me applaud the efforts of counsel to get it litigated—to get it not only litigated but mediated and resolved subject to court approval. It did take a fair amount of work, not only to litigate the matter and do the discovery, do the briefing, and the argument and case management that had to be done, but it took a fair amount of good professional judgment to also get it settled.

> And up until I approved the settlement a few minutes ago, it was a case that presented, in my view, very substantial risk for both sides, and I certainly do applaud the efforts of settlement—the efforts of counsel in crafting the settlement that was reached. Which I, as I have said, am well satisfied is fair, just, and reasonable settlement for the unnamed class members as well as the representative plaintiffs.[4]

In contrast, Dr. Mein's selection of Levi & Korsinsky LLP (the "Levi Firm") as Lead Counsel should be subject to scrutiny. Recently, a number of lead plaintiffs represented by the Levi Firm dropped out of cases in which they were appointed lead plaintiff. For example, in *Winter v. Stronghold Digital Mining, Inc. et al*, Case No. 1:22-cv-03088 (S.D.N.Y.), the Levi Firm's lead plaintiff suddenly withdrew at the outset of discovery. Similarly, in *Carpenter v. Oscar Health,*

---

[4] *See Mobbs, et al. v. Farmers Insurance Co., Inc.*, No. CV-03-158 (W.D. Okla.) (Friot, J.).

*Inc. et al*, Case No. 1:22-cv-03885 (S.D.N.Y.), the Levi Firm's lead plaintiff withdrew as lead plaintiff prior to the filing of the amended complaint. Likewise, in *Pierrelouis v. Gogo Inc. et al*, Case No. 1:18-cv-04473 (N.D. Ill.), the Levi Firm's lead plaintiff withdrew approximately two years into the litigation. In *In Re Nutanix, Inc. Securities Litigation*, Case No. 3:19-cv-01651-WHO (N.D. Cal.), following the withdrawal of the Levi Firm's lead plaintiff, the Court was compelled to reopen the lead plaintiff appointment process to allow interested putative class members to serve as lead plaintiff.

Given Rosen Law and Federman & Sherwood's proven experience and success in this Court and elsewhere, Mr. Minarik's choice of counsel should weigh in favor of appointing Mr. Minarik over Dr. Mein given their tie in losses.

### b.  Mr. Minarik Satisfies the Typicality Requirement

Like all purported class members, Mr. Minarik alleges that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by publicly disseminating false and misleading statements about the business of Paycom. Mr. Minarik purchased Paycom securities at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class's claims. Thus, Mr. Minarik satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999).

In short, because Dr. Mein and Mr. Minarik's losses are essentially tied, Mr. Minarik is better suited to be Lead Plaintiff than Dr. Mein. As such, the Court should appoint Mr. Minarik as Lead Plaintiff.

### B.  MR. MINARIK'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with

7

Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Cavanaugh*, 306 F.3d at 734 n. 14.

As explained above, both Rosen and Federman & Sherwood are better suited to prosecute this case. As Rosen's resume reflects, it is highly experienced in securities litigation and class actions and has delivered successful results for investors in multiple such actions in this court. Dkt. No. 21-4. In addition, Federman & Sherwood has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously as a result of the firm's extensive experience in securities class actions involving issues similar to those raised in this case. Federman & Sherwood, also being located in Oklahoma City, has the benefit of being easily and quickly available not just to the Court, but also many of the parties and witnesses who will be involved in this case as it moves forward.

### C. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Mr. Minarik has the largest financial interest, satisfies the adequacy and typicality requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analysis. *Cavanaugh,* 306 F.3d at 732.

While the Court need not reach the competing movants as they have materially smaller losses than Mr. Minarik, some facts bear noting.

### a. Ms. Fisher Did Not Provide Sufficient Background Information

Ms. Fisher's lead plaintiff motion papers do not provide any background information about Ms. Fisher, preventing the Court, Mr. Minarik, and the class from vetting her background and evaluating her adequacy and typicality. Courts have held that movants who provide such sparse information are inadequate to represent the class. *See Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (finding movant inadequate to serve as lead plaintiff where it "has not proffered any information regarding its identity, resources, and experience"); *Smajlaj v.*

8

*Brocade Commc'ns Sys. Inc.,* 2006 WL 7348107, at \*11-\*12 (N.D. Cal. Jan. 12, 2006) (rejecting investor's motion for appointment as lead plaintiff, despite a presumption in its favor from having the greatest financial interest in the litigation, after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, *inter alia*, its "authority, transparency, and structure"); *see also In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at \*5 (N.D. Ill. Nov. 15, 2019), *reconsideration denied,* 2020 WL 476658 (N.D. Ill. Jan. 28, 2020).

### D.  POTENTIAL OPTIONS CLASS

As set forth in his lead plaintiff motion papers, Mr. Minarik suffered his loss using options transactions. In anticipation of the argument from the non-options investors (Ms. Fisher, Ms. Herbert, and the Fund) that an options investor should not be appointed to lead a class of common stock investors, Mr. Minarik respectfully requests that, in the event the Court finds that argument meritorious, the Court appoint Mr. Minarik to lead the options class.

### III.    CONCLUSION

For the foregoing reasons, Mr. Minarik respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Mr. Minarik as Lead Plaintiff of the Class; (3) approving the Mr. Minarik's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

DATED: January 30, 2024              Respectfully submitted,

*/s/ William B. Federman*
**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
WBF@federmanlaw.com

*[Proposed] Liaison Counsel for the Class*

9

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and*
*Class*