**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, <br><br> Defendants. | Case No.: 5:23-cv-01019-F <br><br> [Captions continued on following page] |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DR. CALVIN E. MEIN'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING <u>MOTIONS FOR LEAD PLAINTIFF</u>**

| | |
|---|---|
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>Defendants. | Case No.: 5:24-cv-00019-R |
| COREY SCHOENROCK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>Defendants. | Case No.: 5:24-cv-00012-F |
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>Defendants. | Case No.: 5:24-cv-00014-J |

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ............................................................................. 1

II.     ARGUMENT ..................................................................................................... 3

    A.  The Process for Appointing a Lead Plaintiff Under The PSLRA. ........................ 3

    B.  Dr. Mein Has the "Largest Financial Interest". ....................................................... 3

    C.  Dr. Mein Satisfies the Typicality and Adequacy Requirements of Rule 23. ........ 6

    D.  No Proof Exists to Rebut the Presumption in Favor of Dr. Mein's
    Appointment as Lead Plaintiff. ..................................................................................... 8

III.    CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh,*
 306 F.3d 726 (9th Cir. 2002) ..................................................................................9

*Chahal v. Credit Suisse Grp. AG*,
 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21,
 2018) ........................................................................................................................4

*In re Crocs, Inc. Sec. Litig.,*
 No 07-cv-2351-REB-KLM, 2008 U.S. Dist. LEXIS 87524 (D. Colo. Sept. 17,
 2008) ........................................................................................................................6

*Cooke v. Equal Energy Ltd.*,
 No. Master Docket CIV-14-0087-C, 2014 U.S. Dist. LEXIS 63452 (W.D. Okla.
 May 8, 2014) ............................................................................................................9

*Deering v. Galena Biopharma, Inc.,*
 No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766 (D. Or. Oct. 3, 2014) ............6

*In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*,
 458 F. Supp. 2d 455 (E.D. Mich. 2006)....................................................................4

*Duane & Va. Lanier Tr. v. Sandridge Energy, Inc.,*
 No. CIV-15-634-M, 2016 U.S. Dist. LEXIS 33638 (W.D. Okla. Mar. 16, 2016) .... 1, 4

*Duane & Virginia Lanier Trust v. Sandridge Energy, Inc.*,
 Case No. CIV-15-634-M, 2016 U.S. Dist. LEXIS 33638 (W.D. Okla. Mar. 16,
 2016) ........................................................................................................................8

*Farrah v. Provectus Biopharmaceuticals, Inc.,*
 68 F. Supp. 3d 800 (E.D. Tenn. 2014)......................................................................4

*Ferreira v. Funko, Inc.*,
 No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June
 11, 2020) ..................................................................................................................5

*In re Gentiva Sec. Litig.*,
 281 F.R.D. 108 (E.D.N.Y. 2012) ..............................................................................5

*Hedick v. Kraft Heinz Co.*,
 No. 19-cv-1339, 2019 U.S. Dist. LEXIS 174315 (N.D. Ill. Oct. 8, 2019) ...................6

*Hom v. Vale, S.A.,*
    Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7,
    2016) .................................................................................................................. 5

*In re MolyCorp, Inc. Sec. Litig.,*
    C.A. No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May
    29, 2012) ............................................................................................................ 9

*Nurlybaev v. ZTO Express (Cayman) Inc.,*
    17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13,
    2017) .................................................................................................................. 4

*Owens v. FirstEnergy Corp.,*
    Nos. 2:20-cv-03785 & 2:20-cv-04287, 2020 U.S. Dist. LEXIS 219573 (S.D. Ohio
    Nov. 23, 2020) ................................................................................................... 4

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
    256 F.R.D. 620 (E.D. Wis. 2009) ..................................................................... 5

*Takara Trust v. Molex Inc.,*
    229 F.R.D. 577 (N.D. Ill. 2005) ........................................................................ 1

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................ 1, 3, 6, 8

Movant Dr. Calvin E. Mein ("Dr. Mein") respectfully submits this memorandum of law in support of his motion for consolidation of the above-captioned actions, (the "Actions"), appointment as lead plaintiff, and approval of selection of counsel, and in opposition to the competing motions for lead plaintiff, filed in the Actions.

## I.      PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. It instructs courts to appoint as "lead plaintiff" the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). That person or entity is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The PSLRA applies in the case at hand and, under the PSLRA, movant Dr. Mein's motion, for consolidation, appointment as lead plaintiff, and selection of counsel should be granted.

Here, there is no question that Dr. Mein has the "largest financial interest" in the relief sought by the Class. The PSLRA does not specify how to calculate financial interest, so "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Duane & Va. Lanier Tr. v. Sandridge Energy, Inc.,* No. CIV-15-634-M, 2016 U.S. Dist. LEXIS 33638, at *6 (W.D. Okla. Mar. 16, 2016) (quoting *Takara Trust v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D. Ill. 2005)). By comparing the movants claimed approximate losses, Dr. Mein has the "largest financial interest" in the litigation:

| Movant | Approximate Losses |
|---|---|
| Dr. Calvin Mein | $ 1,659,500.00 |
| | |
| Joseph Minarik | $1,231,553.48 |
| | |
| Amy Fisher | $287,010.51 |
| | |
| Michigan Laborers Pension Fund | $321,651.05 |
| | |
| Brenda Herbert | $39,800.00 |

*See* ECF Nos. 18-2; 21-3; 24-3; 29-2; 30-1.

With over $1,659,000 in losses and more than 48 years of investing experience, Dr. Mein is more than qualified to be the Lead Plaintiff. Dr. Mein, a resident of San Antonio, Texas, is an ophthalmologist and retinal specialist at Retina Consultants of Texas. He founded the practice 32 years ago, and then sold it approximately 2 years ago but still actively works at the practice. Further, Dr. Mein has experience hiring and overseeing attorneys for routine business matters relating to his prior practice, and a malpractice suit.

Dr. Mein's evidentiary showing on the motion is sufficient to trigger the PSLRA's presumption of "most adequate plaintiff" to serve as lead plaintiff and, as demonstrated below, none of the other movants will be able to rebut that presumption. Accordingly, Dr. Mein respectfully requests that his motion be granted in its entirety.

2

## II.    ARGUMENT

### A.    The Process for Appointing a Lead Plaintiff Under The PSLRA.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### B.    Dr. Mein Has the "Largest Financial Interest".

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class.". 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA does not specify how to

determine the "largest financial interest" "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Duane*, 2016 U.S. Dist. LEXIS 33638, at *6; *see also Owens v. FirstEnergy Corp.,* Nos. 2:20-cv-03785 & 2:20-cv-04287, 2020 U.S. Dist. LEXIS 219573, at *22, *32-33 (S.D. Ohio Nov. 23, 2020) (ruling that LIFO loss is the determinative factor of financial interest at the lead plaintiff stage); *Chahal v. Credit Suisse Grp. AG*, 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.,* 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Farrah v. Provectus Biopharmaceuticals, Inc.,* 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the Movant who had suffered a larger loss and holding that said Movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs with the largest financial interest being appointed). As the chart below indicates, it is clear Dr. Mein possesses the largest financial interest in the litigation, as he possesses the greatest approximate loss.

| Movant | Approximate Losses |
|---|---|
| Dr. Calvin Mein | $ 1,659,500.00 |
| | |
| Joseph Minarik | $1,231,553.48 |
| | |

4

| Amy Fisher | $287,010.51 |
|---|---|
|  |  |
| Michigan Laborers Pension Fund | $321,651.05 |
|  |  |
| Brenda Herbert | $39,800.00 |

*See* ECF Nos. 18-2, 21-3; 24-3; 29-2; 30-1. As compared to the nearest competing movant, Mr. Minarik, Dr. Mein lost ***over $427,000 more*** from his investments in Paycom. Compared to the movant claiming the third largest loss, Ms. Fisher, Dr. Mein lost over ***$1.31 million more.***

Importantly, when evaluating financial interests at the lead plaintiff stage under the PSLRA, courts routinely use the broadest defined class period. *See e.g. Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *15 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *12-13 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages."); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) ("[A]ll courts agree that they should not make any binding determinations regarding the proper class period as part of the lead-plaintiff analysis. . . . [N]othing in the [PSLRA] suggests that the Court should make any effort to define the class before it has selected a lead plaintiff. Thus, rather than ruling on the proper class period, courts usually . . . use the most inclusive class period . . . ."); *Deering v.*

*Galena Biopharma, Inc.,* No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766, at *30-31 (D. Or. Oct. 3, 2014) ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class.); *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 U.S. Dist. LEXIS 174315, at *20 (N.D. Ill. Oct. 8, 2019) ("For the purpose of calculating losses in determining the proper lead plaintiff in securities class actions, courts use the most inclusive class period."). Here, the broadest defined class period is on behalf of all investors who purchased or otherwise acquired publicly traded Paycom securities and/or sold publicly traded put options of Paycom between February 9, 2022 and November 1, 2023, inclusive[1]. Under this class period, Ms. Fisher's approximate loss decreases from $348,693.47 to $287,010.51. ECF No. 29-1, Ms. Fisher's Certification.

**C.     Dr. Mein Satisfies the Typicality and Adequacy Requirements of Rule 23.**

The PSLRA requires that the presumptive lead plaintiff to "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts in this Circuit have applied this directive at the lead plaintiff stage by analyzing the typicality and adequacy requirements of Rule 23. *In re Crocs, Inc. Sec. Litig.,* No 07-cv-2351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *7-8 (D. Colo. Sept. 17, 2008) ("Typicality is present so long as the claim of the class representative and class members are based upon the same legal

---

[1] The class period as defined in *Schoenrock v. Paycom Software, Inc., et al.,* No. 5:24-cv-00012-F.

or remedial theory….”). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.”) (internal citations omitted).

There can be no dispute that Dr. Mein satisfies the typicality requirements. Like all members of the Class, Dr. Mein (1) acquired Paycom securities during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result of Defendants' material misstatements. Thus, Dr. Mein's claims are substantially similar, if not identical, to those of absent Class members. *See* ECF Nos. 18-1 (PSLRA Certification); 17 at pp. 12-13, Memorandum in Support of Motion.

Dr. Mein also satisfies the adequacy requirements as he has no conflicts with absent Class members and is highly motivated to recover the losses he suffered from Defendants' alleged violations of the federal securities laws – the same injury incurred by the proposed Class, arising from the same alleged conduct. Dr. Mein's adequacy is further bolstered by his choice of counsel, having chosen Levi & Korsinsky, LLP (“Levi & Korsinsky”) as proposed Lead counsel for the Class and Caruso & Smith, PLLC (“Caruso & Smith”) as Liaison Counsel. Levi & Korsinsky and Caruso & Smith are highly experienced in complex litigations and are well qualified to litigate the Actions of behalf of the Class and their appointments should be approved. *See* Exs. E, F to Smith Decl., ECF Nos. 18-5, 18-6. *(Levi & Korsinsky and Caruso & Smith firm resumes).

Finally, Dr. Mein has further demonstrated his adequacy by providing the Court with background information about himself in further support of his motion. Ex. D to Smith Decl., ECF No. 18-4 at ¶2; Memorandum in Support of Motion, ECF No. 17 at p. 13. Dr. Mein, a resident of San Antonio, Texas, has more than 48 years of investing experience. *Id*. He is employed as an ophthalmologist and retinal specialist at Retina Consultants of Texas. *Id*. He founded the practice 32 years ago, and then sold it approximately 2 years ago but still actively works there. *Id*. Further, Dr. Mein has experience hiring and overseeing attorneys for routine business matters relating to his prior practice, and a malpractice suit. *Id*.

## D.    No Proof Exists to Rebut the Presumption in Favor of Dr. Mein's Appointment as Lead Plaintiff.

Having the largest financial interest and satisfying the Rule 23 requirements of adequacy and typicality, Dr. Mein is entitled to the presumption of "most adequate plaintiff." This presumption may be rebutted only upon proof by a class member that Dr. Mein "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Duane & Virginia Lanier Trust v. Sandridge Energy, Inc.*, Case No. CIV-15-634-M, 2016 U.S. Dist. LEXIS 33638, at *6 (W.D. Okla. Mar. 16, 2016).

The competing lead plaintiff movants can only rebut that presumption with ***actual proof*** that Dr. Mein is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cooke v. Equal Energy Ltd.*, No. Master Docket CIV-14-0087-C, 2014 U.S. Dist. LEXIS 63452, at

8

*8-9 (W.D. Okla. May 8, 2014) (movant attempting to rebut lead plaintiff presumption "offered no proof….[r]ather, he has offered only speculation and conjecture….the Court finds that [movant] failed to meet his burden in overcoming the presumption"); *In re MolyCorp, Inc. Sec. Litig.,* C.A. No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *5-6 (D. Colo. May 29, 2012) ("Th[e] presumption can be rebutted with proof that the movant is either atypical or inadequate. However, ***speculation*** that a movant may be either atypical or inadequate ***will not defeat*** the PSLRA's most adequate plaintiff presumption.") (citing *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002)). This the other movants have not, and cannot, do.

## III.    CONCLUSION

For the reasons set forth above and In the opening motion papers, Dr. Mein respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing him as Lead Plaintiff; (3) approving his selection of Levi & Korsinsky as Lead Counsel and Caruso & Smith as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

***[Signatures on following page]***

9

Dated: January 30, 2024                    Respectfully Submitted,

                                           **CARUSO & SMITH, PLLC**

                                           By: /s/ *Mark A. Smith*
                                           Mark A. Smith, OBA #31231
                                           Dennis A. Caruso, OBA #11786
                                           2021 South Lewis Avenue Suite 720
                                           Tulsa, OK 74104
                                           Tel: 918-583-5900
                                           Fax: 918-583-5902
                                           msmith@carusosmithok.com
                                           dcaruso@carusosmithok.com

                                           *Liaison Counsel for Movant and
                                           [Proposed] Liaison Counsel for the
                                           Class*

                                           Adam M. Apton (*pro hac vice*
                                           forthcoming)
                                           **LEVI & KORSINSKY, LLP**
                                           33 Whitehall Street, 17th Floor
                                           New York, NY 10004
                                           Tel: (212) 363-7500
                                           Fax: (212) 363-7171
                                           Email: aapton@zlk.com

                                           *Lead Counsel for Movant and
                                           [Proposed] Lead Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I, Mark A. Smith, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 30th day of January, 2024.

/s/ *Mark A. Smith*
Mark A. Smith
