# EXHIBIT 1

WESTERN DISTRICT OF OKLAHOMA

ANGELO VENTRILLO JR., Individually ) No. 5:23-cv-01019-F
and on Behalf of All Others Similarly )
Situated, )
                         )
          Plaintiff, )
                         )
   vs. )
                         )
PAYCOM SOFTWARE, INC., et al., )
                         )
         Defendants. )
                         )
                         )

COREY SCHOENROCK, Individually and ) No: 5:24-cv-00012-F
on Behalf of All others Similarly Situated, )
                         )
          Plaintiff, )
                         )
   vs. )
                         )
PAYCOM SOFTWARE, INC., et al., )
                         )
         Defendants. )
                         )
                         )

[Caption continued on following page.]

DECLARATION OF MICHAEL BURRAGE IN SUPPORT OF MICHIGAN
LABORERS' PENSION FUND'S OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS

4866-5700-0353.v1

| | | |
|---|---|---|
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated, | ) ) ) | No: 5:24-cv-00014-F |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PAYCOM SOFTWARE, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No: 5:24-cv-00019-F |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PAYCOM SOFTWARE, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

4866-5700-0353.v1

I, MICHAEL BURRAGE, declare as follows:

1.      I am an attorney duly licensed to practice before the courts of the State of Oklahoma and this Court.  I am local counsel for lead plaintiff movant Michigan Laborers' Pension Fund (the "Pension Fund") in the above-captioned related securities class actions.  I make this declaration in support of the Michigan Laborers' Pension Fund's Opposition to Competing Lead Plaintiff Motions.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Attached are true and correct copies of the following exhibits:

Exhibit A:      *Shen v. SolarEdge Techs., Inc.* No. 1:23-cv-09748-GHW, Declaration of Dean Clayton in Support of His Motion for Appointment as Lead Plaintiff (S.D.N.Y. Jan. 2, 2024);

Exhibit B:      *Davis v. Li-Cycle Holdings Corp.*, No. 1:23-cv-09894-JSR, Declaration of Scott Russell in Support of His Motion for Appointment as Lead Plaintiff (S.D.N.Y. Jan. 8, 2024);

Exhibit C:      *Sigman v. NuScale Power Corp.*, No. 3:23-cv-01689-MO, Joint Declaration of Adrian Latchman, Gillian Lynch-Latchman and Bradon Notter in Support of Their Motion for Appointment as Lead Plaintiffs (D. Or. Jan. 16, 2024);

Exhibit D:      *Aramouni v. ACELYRIN, Inc.*, No. 2:23-cv-09672-FMO-MAA, Declaration of Kamel Boukadoum in Support of His Motion for Appointment as Lead Plaintiff (C.D. Cal. Jan. 16, 2024);

Exhibit E:      *Alghazwi v. The Beauty Health Co.*, No. 2:23-cv-09733-SGP-MAA, Declaration of Priscilla and Martijn Dijkgraaf in Support of Their Motion for Appointment as Lead Plaintiffs (C.D. Cal. Jan. 16, 2024); and

Exhibit F:      *Khan v. ChargePoint Holdings, Inc.*, No. 5:23-cv-06172-PCP, Joint Declaration of Shahram Afshani and Paulina Afshani Schwarz in Support of Their Motion for Appointment as Lead Plaintiffs (N.D. Cal. Jan. 29, 2024).

- 1 -

4866-5700-0353.v1

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th day of January, 2024.

DATED:  January 30, 2024

WHITTEN BURRAGE
MICHAEL BURRAGE (OBA No. 1350)
REGGIE WHITTEN (OBA No. 9576)


                              s/ Michael Burrage
_____
                            MICHAEL BURRAGE

512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone: 405/516-7800
mburrage@whittenburragelaw.com
rwhitten@whittenburragelaw.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 2 -

- 3 -

WATKINS, PAWLICK, CALATI
  & PRIFTI, PC
LAUREN CRUMMEL
1423 East Twelve Mile Rd.
Madison Heights, Michigan 48071
Telephone:  248/ 658-0800
248/658-0801 (fax)
lcrummel@wpcplaw.com

Additional Counsel

- 3 -

4866-5700-0353.v1

# EXHIBIT A

DocuSign Envelope ID: 021C3C9E-3E8D-45C8-B61D-A26A8CC05BAA

## DECLARATION OF DEAN CLAYTON IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

I, Dean Clayton, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I respectfully submit this Declaration in support of my motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action") on behalf of investors in Solar Edge Technologies, Inc. ("SEDG" or the "Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2. I am 50 years old. I presently reside in Fletcher, North Carolina. I am a licensed North Carolina Pharmacist. I currently own and operate pharmacies in the Asheville, North Carolina area. I obtained a Doctor of Pharmacy (Pharm.D.) degree from Florida Agricultural and Mechanical University. I have more than 30 years of experience in managing my own investment portfolio.

3. As set forth in my certification, during the Class Period I personally purchased a substantial amount of shares of SEDG, retained those shares through disclosures that allegedly caused the share price to drop significantly, and suffered substantial recoverable losses as a result. By virtue of my significant financial interest in the resolution of the Action I am motivated to litigate vigorously, efficiently, and to the best of my ability to maximize the potential recovery for myself and the Class I seek to represent.

4. Prior to seeking appointment as lead plaintiff in the Action, I spoke via phone and email with attorneys at Hagens Berman Sobol Shapiro LLP about the lead plaintiff process, the responsibilities of a lead plaintiff under the PSLRA, and how the case would progress after a lead plaintiff is appointed. I understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that I would owe duties to the Class to act in its best interest. If appointed as lead plaintiff, I will be responsible for conferring with counsel, reviewing and authorizing the filing of important litigation documents, and being deposed or attending important court hearings and trial, if necessary. I further understand that I am not required to seek appointment as lead plaintiff in order to recover. Rather, based on my financial interest, I decided to seek lead plaintiff appointment rather than remain an absent class member.

5. After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes I signed both a retainer agreement with Hagens Berman Sobol Shapiro LLP and certification form, and authorized the firm to file a lead plaintiff motion on my behalf.

DocuSign Envelope ID: 021C3C9F-3E9D-45C8-B61D-A26A8CC05BAA

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct. Executed on this 18th day of December, 2023.

DEAN CLAYTON

# EXHIBIT B

## DECLARATION OF SCOTT RUSSELL IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

I, Scott Russell, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I respectfully submit this Declaration in support of my motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action") on behalf of investors in Li-Cycle Holdings Corp. ("LICY" or the "Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2. I am 51 years old. I presently reside in Mandan, North Dakota. I am the President and CEO of Cloverdale Foods Company, a fourth generation, family-owned meat company based in Mandan, North Dakota, where I have worked for more than 25 years. I graduated from Cornell College in Mount Vernon, Iowa with degrees in Economics & Philosophy. I also earned an Executive MBA from the Carlson School of Management, University of Minnesota. I have more than 20 years of experience in managing my own investment portfolio.

3. As set forth in my certification, during the Class Period I personally purchased a substantial amount of shares of LICY, retained those shares through disclosures that allegedly caused the share price to drop significantly, and suffered substantial recoverable losses as a result. By virtue of my significant financial interest in the resolution of the Action I am motivated to litigate vigorously, efficiently, and to the best of my ability to maximize the potential recovery for myself and the Class I seek to represent.

4. Prior to seeking appointment as lead plaintiff in the Action, I spoke via phone and email with attorneys at Hagens Berman Sobol Shapiro LLP about the lead plaintiff process, the responsibilities of a lead plaintiff under the PSLRA, and how the case would progress after a lead plaintiff is appointed. I understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that I would owe duties to the Class to act in its best interest. If appointed as lead plaintiff, I will be responsible for conferring with counsel, reviewing and authorizing the filing of important litigation documents, and being deposed or attending important court hearings and trial, if necessary. I further understand that I am not required to seek appointment as lead plaintiff in order to recover. Rather, based on my financial interest, I decided to seek lead plaintiff appointment rather than remain an absent class member.

5. After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes I signed both a retainer agreement with

Hagens Berman Sobol Shapiro LLP and certification form, and authorized the firm to file a lead plaintiff motion on my behalf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct. Executed on this 8th day of January, 2024.



SCOTT RUSSELL

# EXHIBIT C

**JOINT DECLARATION OF ADRIAN LATCHMAN, GILLIAN LYNCH-LATCHMAN AND BRADON NOTTER IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS**

We, Adrian Latchman, Gillian Lynch-Latchman and Bradon Notter (collectively, "we" or "Movants"), pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this joint declaration in support of our motion: (1) consolidating the Related Actions; (2) appointing Movants as Lead Plaintiff in the Related Actions; (3) approving Movants' selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

2. As set forth in the certifications filed herewith, we purchased securities of NuScale Power Corporation between March 15, 2023 and November 8, 2023 ("Class Period").

3. We are informed of and understand the requirements of serving as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We have each had multiple individual calls with counsel discussing the process. In addition, we had one joint call discussing the same. We each have personal knowledge about the information in this Joint Declaration as to ourselves and, where applicable, the entities and other persons with which we are associated.

4. I, Adrian Latchman, am 53 years of age. I presently reside in Diego Martin, Trinidad and Tobago. I am married to Gillian Lynch-Latchman. I presently work as an electrical engineer at a major steel production company. I have over 15 years of experience in managing mine and Gillian's investments. I am a joint owner of the account that Gillian and I purchased the NuScale shares reflected in my certification. I am familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.

5. I, Gillian Lynch-Latchman, am 51 years old. I presently reside in Diego Martin, Trinidad and Tobago. I am married to Adrian Latchman. I am a joint owner of the account that Adrian and I purchased the NuScale shares reflected in my certification. I am familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.

6. I, Bradon Notter, am 53 years old. I presently reside in Fresno, Texas. I have over 20 years of investing experience. I am currently retired. I previously worked as commercial banker. I am familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.

7.      We have personal knowledge of the facts set forth below, and would testify competently thereto.

8.      We understand our responsibilities as class representatives and as Lead Plaintiffs, including the duty to provide fair and adequate representation to all members of the class, and will fulfill these responsibilities to the best of our abilities. We understand that our duties as Lead Plaintiffs include interacting with and directing counsel, overseeing and monitoring the progress of the litigation, commenting on important documents in the case, coordinating with counsel to vigorously prosecute the case on behalf of the class, participating in settlement discussions, attending trial, if necessary, and authorizing any potential settlement on behalf of the class as well as approve any attorney's fee and cost requests by counsel. In performing these duties, we will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery, and have input into litigation decisions, including settlement negotiations. We are able and willing to perform all of these duties on behalf of class members.

9.      We understand that we are jointly seeking to be appointed as Lead Plaintiff. If jointly appointed as Lead Plaintiff, we will work together to monitor and direct the efforts and activities of our proposed lead counsel, Hagens Berman, in the prosecution of this action. We understand that as Lead Plaintiff, we have fiduciary obligations to fairly and adequately represent the class by vigorously prosecuting this case on behalf of the class. We understand that one of the primary responsibilities of the Lead Plaintiff in overseeing the work of lead counsel is to ensure that the litigation is handled efficiently.

10.     Prior to our agreement to seek Lead Plaintiff status as members of a Lead Plaintiff Group, we had never met one another and have no familial or business relationships with one another. Nor did we have any prior business or other relationships with Hagens Berman or any of its attorneys.

11.     The group had a zoom meeting on January 15, 2024 with counsel. On the call, we discussed our backgrounds and experience, and were able to question each other. We also discussed the facts and the merits of the claims against Defendants and new developments, our interest in serving jointly as Lead Plaintiff and our experience in investing in NuScale, the benefits we could provide to the Class; a decision making structure, the type of decisions we would be called upon to make, and ensuring that the Class's claims will be efficiently and zealously prosecuted, without duplicative efforts, by our oversight of our proposed Lead Counsel, Hagens Berman. We believe that given that we invested in different NuScale securities during the Class Period, serving jointly as Lead Plaintiff we will have a positive effect on the quality of the representation provided to absent class members.

12.     We also discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that the action is prosecuted efficiently. Through supervision of our chosen counsel, we will ensure that the action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone and email.

13.     We have been given the contact information for each other. We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that these meetings or conference calls may be conducted without counsel. We have agreed to contact one another when necessary to facilitate the best interests of the class and to prosecute this case. We do not foresee any problems communicating with one another or staying abreast of the progress of this litigation.

14.     We intend to work together to oversee the litigation in a manner that will best serve the interests of the class.

15.     We individually contacted the law firm of Hagens Berman, and after careful consideration, selected Hagens Berman to serve as Lead Counsel. We are satisfied that our chosen counsel are experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class's claims under our supervision. We have instructed our counsel to conduct the litigation in an efficient manner, to avoid the duplication of efforts wherever possible, and to provide updates regularly, or as frequently as necessary.

16.     We are aware that as an individual or jointly, we could select any counsel to represent us, and that we were not and are not required or compelled to recommend Hagens Berman as class counsel. By submitting this declaration, we are personally ratifying this firm as our choice for that role in this litigation.

17.     Because of the complexity of the case and the substantial losses we each suffered as a result of Defendants' alleged violations of the federal securities, we each have the incentive, ability and desire to work together with the other members of the Group to control the litigation and maximize the recovery for the Class. We consent to filing as Lead Plaintiff jointly, or alternatively as individuals.

18.     We are committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing counsel, and attending hearings and depositions as necessary. We take the obligations owed by a Lead Plaintiff seriously and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the

action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

19.     We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications both state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

20.     If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine the diverse skills and knowledge of each member and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

Adrian Latchman

Gillian Lynch-Latchman

Bradon Notter

action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

19. We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications both state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

20. If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine the diverse skills and knowledge of each member and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

_____

Adrian Latchman

_____

DocuSigned by:

*Gillian Lynch-Latchman*

3B45658FAE054C2...

Gillian Lynch-Latchman

_____

Bradon Notter

action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

19.     We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications both state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

20.     If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine the diverse skills and knowledge of each member and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

_____
Adrian Latchman

_____
Gillian Lynch-Latchman

_____
Bradon Notter

# EXHIBIT D

DocuSign Envelope ID: 3FBAC6C8-0DD7-4EFB-8350-629A0525A1AE

### DECLARATION OF KAMEL BOUKADOUM IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

I, Kamel Boukadoum, pursuant to 28 U.S.C. § 1746, declare as follows:

1.　　I respectfully submit this Declaration in support of my motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action") on behalf of investors in Acelyrin, Inc. ("SLRN" or the "Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2.　　I presently reside in Quebec, Canada. I am a board-certified dermatologist of The Royal College of Physicians and Surgeons of Canada.

3.　　As set forth in my certification, during the Class Period I personally purchased a substantial amount of SLRN securities, retained those securities through disclosures that allegedly caused the securities' price to drop significantly, and suffered substantial recoverable losses as a result. By virtue of my significant financial interest in the resolution of the Action I am motivated to litigate vigorously, efficiently, and to the best of my ability to maximize the potential recovery for myself and the Class I seek to represent.

4.　　Prior to seeking appointment as lead plaintiff in the Action, I spoke via phone and email with attorneys at Hagens Berman Sobol Shapiro LLP about the lead plaintiff process, the responsibilities of a lead plaintiff under the PSLRA, and how the case would progress after a lead plaintiff is appointed. I understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that I would owe duties to the Class to act in its best interest. I further understand that I am not required to seek appointment as lead plaintiff in order to recover. Rather, based on my financial interest, I decided to seek lead plaintiff appointment rather than remain an absent class member.

5.　　After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes I signed a retainer agreement with Hagens Berman Sobol Shapiro LLP and authorized the firm to file a lead plaintiff motion on my behalf.

DocuSign Envelope ID: 3FBAC6C8-9DD7-4EEB-8350-629A0525A1AE

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct. Executed on this 14th day of January, 2024.

Kamel Boukadoum

# EXHIBIT E

DocuSign Envelope ID: B4BA730E-5BAB-4594-B758-1CCBD419F4F0

## DECLARATION OF PRISCILLA AND MARTIJN DIJKGRAAF IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS

We, Priscilla and Martijn Dijkgraaf, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Declaration in support of our motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action") on behalf of investors in The Beauty Health Company ("SKIN" or the "Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2.      We are a married couple. We presently reside in Medemblik, a municipality and a town in the Netherlands.

3.      I, Priscilla, work as a banking account manager. I hold a bachelor's degree in business administration. For the past three years, I have been managing my own investment portfolio.

4.      I, Martijn, work as an interim key account manager. I hold a bachelor's degree in commercial economy. For the past four years, I have been managing our own investment portfolio.

5.      As set forth in our certification, during the Class Period we personally purchased a substantial amount of SKIN securities, retained those securities through disclosures that allegedly caused the securities' price to drop significantly, and suffered substantial recoverable losses as a result. By virtue of our significant financial interest in the resolution of the Action we are motivated to litigate vigorously, efficiently, and to the best of our ability to maximize the potential recovery for ourselves and the Class we seek to represent.

6.      Prior to seeking appointment as lead plaintiff in the Action, we communicated with attorneys at Hagens Berman Sobol Shapiro LLP about the lead plaintiff process, the responsibilities of a lead plaintiff under the PSLRA, and how the case would progress after a lead plaintiff is appointed. We understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that we would owe duties to the Class to act in its best interest. If appointed as lead plaintiff, we will be responsible for conferring with counsel, reviewing and authorizing the filing of important litigation documents, and being deposed or attending important court hearings and trial, if necessary. We further understand that we are not required to seek appointment as lead plaintiff in order to recover. Rather, based on our financial interest, we decided to seek lead plaintiff appointment rather than remain an absent class member.

DocuSign Envelope ID: B4BA730E-5BAB-4594-B758-1CCBD419E4E0

7.      After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes we signed a retainer agreement with Hagens Berman Sobol Shapiro LLP and authorized the firm to file a lead plaintiff motion on our behalf.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

DocuSigned by:

07892A92765C4B9...

Priscilla Dijkgraaf

Martijn Dijkgraaf

DocuSign Envelope ID: F9109043-51B4-4D9D-A382-F297B0D4663E

7.     After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes we signed a retainer agreement with Hagens Berman Sobol Shapiro LLP and authorized the firm to file a lead plaintiff motion on our behalf.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

_____
Priscilla Dijkgraaf


DocuSigned by:

B13683DDB27C4BC...
_____
Martijn Dijkgraaf

# EXHIBIT F

DocuSign Envelope ID: 5E4622EE-74AA-4E7D-AA9D-783ADB4B314B

## JOINT DECLARATION OF SHAHRAM AFSHANI AND PAULINA AFSHANI SCHWARZ IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS

We, Shahram Afshani and Paulina Afshani Schwarz, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this Declaration in support of our motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action") on behalf of investors in ChargePoint Holdings, Inc. ("CHPT" or the "Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2. We are a father and daughter. We presently reside in the Los Angeles, California-area.

3. I, Shahram, work in real estate and the stock market. I hold a Bachelor of Science degree from the University of California at Los Angeles and a Master of Business Administration from Pepperdine University. I have been managing my own investment portfolio for the past forty years.

4. I, Paulina, work as a Portfolio Manager for an investment management firm. I hold a Bachelor of Business Administration from the New York University Stern School of Business and an Alternative Investments Certificate from Harvard Business School. I have been managing my own investment portfolio for over twelve years.

5. As set forth in our certifications, during the Class Period we each purchased a substantial amount of CHPT securities and suffered substantial losses as a result of Defendants' alleged wrongdoing. By virtue of our significant financial interest in the resolution of the Action we are motivated to litigate vigorously, efficiently, and to the best of our ability to maximize the potential recovery for ourselves and the Class we seek to represent.

6. Prior to seeking appointment as lead plaintiff in the Action, we communicated with attorneys at Hagens Berman Sobol Shapiro LLP about the lead plaintiff process, the responsibilities of a lead plaintiff under the PSLRA, and how the case would progress after a lead plaintiff is appointed. We understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that we would owe duties to the Class to act in its best interest. If appointed as lead plaintiff, we will be responsible for conferring with counsel, reviewing and authorizing the filing of important litigation documents, and being deposed or attending important court hearings and trial, if necessary. We further understand that we are not required to seek appointment as lead plaintiff in

order to recover. Rather, based on our financial interest, we decided to seek lead plaintiff appointment rather than remain an absent class member.

7.      After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes we signed a retainer agreement with Hagens Berman Sobol Shapiro LLP and authorized the firm to file a lead plaintiff motion on our behalf.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 29th day of January, 2024.



Shahram Afshani


Paulina Afshani Schwartz

DocuSign Envelope ID: 78D5EE9BA-9A57-4CF1-B39B-232AA293C464

order to recover. Rather, based on our financial interest, we decided to seek lead plaintiff appointment rather than remain an absent class member.

7. After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes we signed a retainer agreement with Hagens Berman Sobol Shapiro LLP and authorized the firm to file a lead plaintiff motion on our behalf.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 29th day of January, 2024.

_____

Shahram Afshani



_____
Paulina Afshani Schwartz