**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE,<br><br>       Defendants. | Case No.: 5:23-cv-01019-F<br><br>[Captions continued on following page] |

**DR. CALVIN E. MEIN'S MEMORANDUM OF LAW IN REPLY**
**AND FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF**

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ASHLEY PIERRELOUIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOGO INC., MICHAEL J. SMALL, NORMAN SMAGLEY, BARRY ROWAN, and JOHN WADE,<br><br>Defendants. | Civil Action No. 18-cv-04473<br><br>Honorable Jorge L. Alonso |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 12, 2022 (the "Stipulation") is entered into between (a) Lead Plaintiff Daniel Rogers ("Lead Plaintiff"), on behalf of himself and the other members of the Settlement Class (defined below); and (b) defendant Gogo Inc. ("Gogo" or the "Company") and defendants Michael J. Small ("Small"), Norman Smagley ("Smagley"), Barry Rowan ("Rowan"), and John Wade ("Wade") (collectively, the "Individual Defendants," and, together with Gogo, the "Defendants"), by and through their respective undersigned counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against each of the Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.       On June 27, 2018, a class action complaint was filed in the United States District Court for the Northern District of Illinois (the "Court"), styled *Pierrelouis v. Gogo Inc., et al.,* No. 1:18-cv-04473. ECF No. 1.

B.       On August 27, 2018, a number of movants applied for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), including Maria Zingas; Michael Noonan and Gehad Bisharat; and Daniel Rogers. ECF Nos. 16, 18, 23. On August 31, 2018, Michael Noonan and Gehad Bisharat withdrew their motion for appointment as lead plaintiffs. ECF No. 29. On September 4, 2018, movants Maria Zingas and Daniel Rogers filed a joint response regarding their separate motions for appointment as lead plaintiff and agreed, subject to the Court's approval, to serve together as lead plaintiffs and to the appointment of Glancy Prongay & Murray LLP and Levi & Korsinsky, LLP as co-lead counsel, and DiTommaso Lubin Austermuehle, P.C. as liaison counsel. ECF No. 31.

C.       By Order dated October 10, 2018, the Court appointed Maria Zingas and Daniel Rogers as lead plaintiffs for the Action; and approved lead plaintiffs' selection of Glancy Prongay & Murray LLP and Levi & Korsinsky, LLP as Lead Counsel and DiTommaso Lubin Austermuehle, P.C. as Liaison Counsel for the class. ECF No. 41.

D.       On September 25, 2018 and September 26, 2018, two derivative complaints were filed against Defendants (and other directors of the Company) containing allegations similar to those set forth in this Action: *Nanduri v. Small, et al.,* No. 1:18-cv-06524 (N.D. Ill. Sept. 25, 2018) (the "*Nanduri* Action") and *Hutsenpiller v. Small, et al.,* No. 1:18-cv-04473 (N.D. Ill. Sept. 26, 2018) (the "*Hutsenpiller* Action"). On October 19, 2018, plaintiffs in the two derivative actions, S.S.K Nanduri and Michael Hutsenpiller, filed a joint motion to designate the

2

*Nanduri* Action and the *Hutsenpiller* Action as related to this Action, and to reassign the *Nanduri* Action and the *Hutsenpiller* Action to Judge Alonso. ECF No. 44. On November 6, 2018, the Court held a hearing to address the joint motion and denied the request. ECF No. 54.

E. On December 10, 2018, lead plaintiffs Maria Zingas and Daniel Rogers filed and served their Amended Class Action Complaint for Violation of the Federal Securities Laws (the "First Amended Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the First Amended Complaint alleged that Defendants made materially false and misleading statements about Gogo's "2Ku global satellite system" or "2Ku" based on allegations that 2Ku was suffering from a significant product design defect—de-icing fluid used on the exterior of the planes was making 2Ku's inoperable. The First Amended Complaint further alleged that the prices of Gogo's publicly traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed. ECF No. 55.

F. On February 8, 2019, Defendants moved to dismiss the First Amended Complaint. ECF Nos. 63-65. On April 9, 2019, lead plaintiffs Maria Zingas and Daniel Rogers filed their opposition to the motion to dismiss (ECF No. 66) and, on May 9, 2019, Defendants filed a reply in further support of their motion to dismiss (ECF No. 67).

G. On October 16, 2019, the Court granted Defendants' motion to dismiss without prejudice. ECF No. 68.

H. On December 20, 2019, lead plaintiffs Maria Zingas and Daniel Rogers filed and served their Second Amended Class Action Complaint for Violation of the Federal Securities

Laws (the "Second Amended Complaint"), again asserting claims under the Exchange Act against Defendants based upon allegations similar to those in the First Amended Complaint. ECF No. 73.

I.      On February 21, 2020, Defendants filed a motion to dismiss the Second Amended Complaint. ECF No. 80-82.

J.      Following several extensions of lead plaintiffs' time to respond to Defendants' motion to dismiss the Second Amended Complaint because of the Covid-19 public emergency, on July 17, 2020, Lead Plaintiff filed and served a motion for leave to amend the Second Amended Complaint.[2] ECF Nos. 97-99. The Court granted Lead Plaintiff's motion on July 21, 2020. ECF No. 100. On July 22, 2020, Lead Plaintiff filed and served his Third Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"). ECF No. 101. The Complaint, like the First and Second Amended Complaints, asserted claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Complaint alleged claims similar to those alleged in the Second Amended Complaint, but also included allegations relating to information obtained from one of Gogo's largest investors during the class period, as well as information from five former Gogo employees who were alleged to have been directly involved in discovering and attempting to remedy the alleged 2Ku de-icing defect.

K.      On September 21, 2020, Defendants filed and served their motion to dismiss the Complaint. ECF Nos. 106-08. On November 20, 2020, Lead Plaintiff filed and served his

---

[2] Lead Plaintiff informed the Court that lead plaintiff Maria Zingas was no longer able to serve as a lead plaintiff.

opposition to Defendants' motion (ECF No. 111) and, on December 21, 2020, Defendants filed and served their reply (ECF No. 112).

L.      On April 26, 2021, the Court denied Defendants' motion to dismiss in its entirety. ECF No. 115.

M.      On June 24, 2021, Defendants filed and served their answer and affirmative defenses to the Complaint.  ECF No. 125.

N.      On July 2, 2021, the Parties submitted their joint report pursuant to Fed. R. Civ. P. Rule 26(f).  ECF No. 126.

O.      From July through September 2021, the Parties began to engage in fact discovery. The Parties exchanged initial disclosures and initial requests for production of documents and interrogatories on July 9, 2021, and negotiated an agreed confidentiality order and a protocol to govern the production of electronically stored information and other documents in the Action.

P.      While discovery was ongoing, the Parties agreed to mediate.  As a condition to mediation, the Parties agreed to produce and produced certain categories of documents prior to the scheduled mediation session.

Q.      On September 30, 2021, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before David M. Murphy, Esq. of Phillips ADR.  In advance of that session, the Parties exchanged significant relevant documents and detailed mediation statements, which addressed the issues of both liability and damages.  The session ended without any agreement being reached.

R.      Over the course of the next several days, Mr. Murphy conducted further discussions with the Parties, which culminated in a mediator's recommendation to resolve the Action for $17,300,000 in cash for the benefit of the Settlement Class, which the Parties accepted

on October 10, 2021. The agreement to settle was subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

S.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

T.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

U.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each Defendant denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any of Defendants' Releasees (defined below) with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an

6

admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be fully, finally and forever settled, released, discharged and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the securities class action styled, *Pierrelouis v. Gogo Inc., et al.*, No. 1:18-cv-04473 (N.D. Ill.).

(b) "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a Claim Form submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person who or entity that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g) "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i) "Complaint" means the Third Amended Consolidated Class Action Complaint filed by Lead Plaintiff in the Action on July 22, 2020.

(j) "Court" means the United States District Court for the Northern District of Illinois.

(k) "Defendants" means Gogo and the Individual Defendants.

(l) "Defendants' Counsel" means Shearman & Sterling LLP.

8

(m) "Defendants' Releasees" means each of the Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, insurers, reinsurers, authorized representatives, investment advisors, auditors, accountants, and attorneys, in their capacities as such.

(n) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(o) "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p) "Escrow Agent" means The Huntington National Bank.

(q) "Excluded Claims" means (i) any claims asserted in the *Nanduri* Action and the *Hutsenpiller* Action, and (ii) any claims of or against any person who or entity that submits a request for exclusion that is accepted by the Court.

(r) "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

9

However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(s) "Gogo" or the "Company" means Gogo Inc.

(t) "Gogo Call Options" means publicly traded call options on Gogo Common Stock.

(u) "Gogo Common Stock" means the common stock of Gogo.

(v) "Gogo Convertible Notes" means Gogo 3.75% Convertible Notes due March 1, 2020. The CUSIP for the Gogo Convertible Notes is 38046CAB5.

(w) "Gogo Notes" means, collectively, the Gogo Convertible Notes and the Gogo Senior Secured Notes.

(x) "Gogo Put Options" means publicly traded put options on Gogo Common Stock.

(y) "Gogo Securities" means Gogo Common Stock, Gogo Notes, Gogo Call Options and Gogo Put Options.

(z) "Gogo Senior Secured Notes" means Gogo 12.5% Senior Secured Notes due July 1, 2022. The CUSIP for the Senior Secured Notes is 38046XAC7.

(aa) "*Hutsenpiller* Action" means the shareholder derivative action styled *Hutsenpiller v. Small, et al.*, No. 1:18-cv-04473 (N.D. Ill. Sept. 26, 2018).

(bb) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law,

and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(cc) "Individual Defendants" means Small, Smagley, Rowan, and Wade.

(dd) "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(ee) "Lead Counsel" means the law firms of Glancy Prongay & Murray LLP and Levi & Korsinsky, LLP.

(ff) "Lead Plaintiff" means Daniel Rogers.

(gg) "Liaison Counsel" means the law firm of DiTommaso Lubin Austermuehle, P.C.

(hh) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(ii) "*Nanduri* Action" means the shareholder derivative action styled *Nanduri v. Small, et al.*, No. 1:18-cv-06524 (N.D. Ill. Sept. 25, 2018).

(jj) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(kk) "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

11

(ll) "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(mm) "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the other members of the Settlement Class.

(nn) "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

(oo) "Plaintiff's Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including, but not limited to, Labaton Sucharow LLP.

(pp) "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(qq) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(rr)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ss)  "Recognized Claim(s)" is defined in the Notice and shall have the same meaning herein.

(tt)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(uu)  "Released Defendants' Claims" means all claims, debts, demands, rights and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person who or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

(vv)  "Released Plaintiff's Claims" means all claims, debts, demands, rights and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted against any of the Defendants' Releasees in any forum that arise out of or are

13

based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale or holding of Gogo Securities during the Settlement Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the *Nanduri* Action and the *Hutsenpiller* Action; and (iii) any claims of any person who or entity that submits a request for exclusion that is accepted by the Court.

(ww) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(xx) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(yy) "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(zz) "Settlement Amount" means $17,300,000 in cash.

(aaa) "Settlement Class" means all persons who and entities that purchased or otherwise acquired Gogo Common Stock, and/or Gogo Convertible Notes, and/or Gogo Senior Secured Notes, and/or Gogo Call Options, and/or wrote Gogo Put Options, during the period from February 27, 2017 through May 4, 2018, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, executive officer and/or director of Gogo during the Settlement Class Period, and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Gogo; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of

14

their Immediate Family; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons who and entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

(bbb) "Settlement Class Member" means each person who and entity that is a member of the Settlement Class.

(ccc) "Settlement Class Period" means the period from February 27, 2017 through May 4, 2018, inclusive.

(ddd) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(eee) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement and the Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.

(fff) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ggg) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount

15

of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(hhh) "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, Defendants, and their respective Releasees, acknowledge that they may hereafter discover facts in addition to or different from those that they respectively now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and each Defendant shall have, and each Releasee by operation of the Judgment, or the Alternative Judgment, if applicable, shall be

16

deemed to have fully, finally and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order in the form attached hereto as Exhibit A.

17

## RELEASE OF CLAIMS

4.    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective past, present and future parents, subsidiaries, divisions, affiliates, shareholders, general and limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, legal representatives, trustees, associates, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. Lead Plaintiff further covenants not to sue on behalf of himself or the Settlement Class any Defendants' Releasee on the basis of any Released Plaintiff's Claim or to assist any third party in commencing or maintaining any suit related to any Released Plaintiff's Claim, provided, however, that nothing in this paragraph shall prevent Lead Plaintiff from responding to any subpoena or valid legal process subject to the terms of paragraphs 58 and 59, below. This release shall not apply to any Excluded Claim.

6.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of

18

themselves, and their respective past, present and future parents, subsidiaries, divisions, affiliates, shareholders, general and limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, legal representatives, trustees, associates, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. This release shall not apply to any claim against any person who or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6, above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiff's Claims against Defendants' Releasees, Defendants shall cause the Settlement Amount to be deposited into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions on the Escrow Agent's letterhead signed by two authorized representatives of the Escrow Agent, with the bank name and ABA routing number, and account name and number, and a signed W-9 reflecting a valid taxpayer identification

number for the qualified settlement fund into which the Settlement Amount is to be deposited. Defendants shall have no obligation under this Stipulation for payment of any amounts beyond the Settlement Amount.

## USE OF SETTLEMENT FUND

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court (collectively, "Settlement Costs"). The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29, below. The Settlement Fund shall be the sole source for paying all Settlement Costs, and Lead Plaintiff, Lead Counsel and Settlement Class Members shall have no recourse against Defendants for Settlement Costs.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Defendants shall not bear any

20

responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to disbursement instructions given by Lead Counsel, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall

21

be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein. The Settlement Fund shall indemnify and hold all Defendants' Releasees harmless for any Taxes (including without limitation, taxes payable by reason of any such indemnification).

13. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person who or entity that paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, following entry of the Preliminary Approval Order, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees reasonably charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid

22

to Defendants, any of the other Defendants' Releasees, or any other person who or entity that paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition

23

of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner that they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18. As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of disseminating the Notice to potential Settlement Class Members, and the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Gogo's obligation to provide its securities records as provided in ¶ 19, below, none of the Defendants' Releasees shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the establishment or maintenance of the Escrow Account, the development or application of the Plan of Allocation, the administration of the Settlement, the Claims process, the maintenance, investment or distribution of the Settlement Fund or the Net Settlement Fund, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection with the foregoing, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff any other

24

Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Gogo shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list or lists (consisting of names and addresses) of the purchasers of Gogo Common Stock and Gogo Notes during the Settlement Class Period.

20. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel

25

may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendants' Releasee shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

23. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendants' Releasee shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

26

(a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted and approved for payment), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above in the case of timely Claims, and a lesser period of time for untimely Claims, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms, provided,

28

however, that Defendants may verify through Lead Counsel whether specific persons who or entities that opt out of the Settlement Class have submitted Claim Forms.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the distribution of the Net Settlement Fund; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

28.     No person or entity shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, based on the administration of the Settlement, including, without limitation, any claim arising from the processing of Claims, distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no

29

liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations. For the avoidance of doubt, the decision of the Court with respect to objections to the Claims Administrator's claim determinations shall be final and binding on Settlement Class Members, and there shall be no appeal to any court including the U.S. Court of Appeals for the Seventh Circuit, such right of appeal having been knowingly and intentionally waived by each Settlement Class Member.

## TERMS OF THE JUDGMENT

30.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

30

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3, above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Gogo has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

(d)     Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.     The occurrence of the Effective Date is not conditioned on the Court having approved a plan of allocation for the Settlement proceeds or a claims process having begun.

33.     Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Gogo exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

31

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of October 10, 2021;

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38 and 58, shall have no further force and effect with respect to the Parties and shall not be enforceable or used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16, above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to written instructions from Defendants' Counsel. In the event that the funds received by Lead Counsel consistent with ¶ 16, above, have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16, above. Lead Counsel or their designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund(s), to Defendants (or such

other persons or entities as Defendants may direct) pursuant to written instructions from Defendants' Counsel.

35.     It is further stipulated and agreed that Lead Plaintiff and Gogo shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of his or its election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court, and the provisions of ¶ 34, above, shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35, above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 8, above, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

37.     In addition to the grounds set forth in ¶ 35, above, Gogo shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Gogo's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Gogo concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and shall request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability,

34

negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or of any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

<b><u>MISCELLANEOUS PROVISIONS</u></b>

39. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

35

40.    Defendants warrant that, as to the payments made or to be made on their behalf, at the time of entering into this Stipulation and at the time of such payment, any persons or entities contributing to the payment of the Settlement Amount were not insolvent, nor will the payment to be made by them render them insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by Defendants' Counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34, above, and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims. Accordingly, Lead Plaintiff and his counsel and Defendants and their counsel agree not to assert in any forum or in any statement made to any media representative (whether

36

or not for attribution) that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Action was commenced, prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Murphy, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. In all events, Lead Plaintiff and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43. Notwithstanding the provisions of paragraph 42, Defendants retain their right to deny that the claims asserted in the Action were meritorious.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors in interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Authorized Claimants.

47.     Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate them shall be governed

38

by the internal laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.   Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:    Glancy Prongay & Murray LLP
Attn: Casey E. Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

39

Telephone: (310) 201-9150
Email: csadler@glancylaw.com

-and-

Levi & Korsinsky, LLP
Attn: Adam M. Apton, Esq.
1101 30th Street NW, Suite 115
Washington, DC 20007
Telephone: (292) 524-4290
Email: aapton@zlk.com

If to Defendants:    Shearman & Sterling LLP
Attn: Jerome S. Fortinsky, Esq.
599 Lexington Ave
New York, NY 10022-6069
Telephone: (212) 848-4000
Email: jfortinsky@shearman.com

57.    Except as otherwise provided herein, each Party shall bear its own costs.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation and the Settlement confidential, except to the extent required by law or by any Party's auditors, accountants, attorneys, insurers or regulators, provided that, unless prohibited by law or regulation, written notice to the other Parties shall be given at least three (3) business days prior to any proposed disclosure. Notwithstanding anything in this paragraph, the Supplemental Agreement may not be disclosed without prior order of the Court, except to the extent required by law or by any Party's auditors, accountants, attorneys, insurers or regulators, provided that any Party making such disclosure shall request (or, where practicable and legally permissible, require) that permitted recipients treat the Supplemental Agreement and its terms as confidential.

59.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

40

60. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

61. The Parties stipulate and agree that, unless otherwise ordered by the Court, all litigation activity, except that contemplated herein and in the Preliminary Approval Order, the Notice, and the Judgment, shall be stayed and all hearings, deadlines, and other proceedings in this Action, except a preliminary approval hearing (if any) and the Settlement Hearing, shall be taken off calendar.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 12, 2022.

**GLANCY PRONGAY & MURRAY LLP**

By: _____
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: csadler@glancylaw.com

-and-

**LEVI & KORSINSKY, LLP**

By: _____
Adam M. Apton
1101 30th Street NW, Suite 115
Washington, DC 20007
Telephone: (292) 524-4290

41

Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff
and the Settlement Class*

LABATON SUCHAROW LLP
James W. Johnson
140 Broadway
Floor 34
New York, NY 10005
Telephone: (212) 907-0700
Email: jjohnson@labaton.com

*Additional Counsel for Lead Plaintiff and the
Settlement Class*

**SHEARMAN & STERLING LLP**

By: _____
  Jerome S. Fortinsky
599 Lexington Ave
New York, NY 10022-6069
Telephone: (212) 848-4000
Email: jfortinsky@shearman.com

*Counsel for Defendants*