**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ANGELO VENTRILLO JR., Individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.

PAYCOM SOFTWARE, INC., CHAD
RICHISON, and CRAIG BOELTE,

        Defendants.

Case No.: 5:23-cv-01019-F

[Captions continued on following page]

**DR. CALVIN E. MEIN'S MEMORANDUM OF LAW IN REPLY**
**AND FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF**

# EXHIBIT 2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
     – and –
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | ) ) ) |
| Defendants. | ) ) ) ) |

Case No. 3:19-cv-01651-WHO
Case No. 3:21-cv-04080-WHO

<u>CLASS ACTION</u>

STIPULATION OF SETTLEMENT

4867-4147-0288.v6

This Stipulation of Settlement (the "Stipulation") is made and entered into, on the one hand, by and between lead plaintiff California Ironworkers Field Pension Trust ("California Ironworkers") and named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("City of Miami") in the *Nutanix* Action (defined below in ¶1.22), and lead plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD November 15, 2002 ("Norton," and collectively with California Ironworkers and City of Miami, "Plaintiffs") in the *Norton* Action (defined below in ¶1.20), on behalf of themselves and the proposed Class (defined below in ¶1.6), by and through their counsel of record in the Actions (defined below in ¶1.1), and, on the other hand, defendants Nutanix, Inc. ("Nutanix" or the "Company") and Dheeraj Pandey and Duston M. Williams (the "Individual Defendants" and collectively with Nutanix, the "Defendants"), by and through their counsel of record in the Actions.  The Stipulation embodies the terms and conditions of the settlement of the Actions.[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Actions and all Released Claims (defined below in ¶1.30) against Defendants.

## I.      THE LITIGATION

On March 29, 2019, an initial class action complaint was filed in this Court against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  *Nutanix* Action ECF 1.  On July 10, 2019, the Court entered an order consolidating the initial class action complaint with several related class action complaints against Defendants, appointing Shimon Hedvat ("Hedvat") as lead plaintiff of the consolidated action, and approving Hedvat's selection of lead counsel, Levi & Korsinsky, LLP.  *Nutanix* Action ECF 87.

On September 9, 2019, Hedvat and City of Miami filed a consolidated amended complaint against Defendants on behalf of themselves and all other persons similarly situated who purchased or otherwise acquired Nutanix securities between November 30, 2017 and May 30, 2019, inclusive ("*Nutanix* FAC").  *Nutanix* Action ECF 102.  On October 24, 2019, Defendants filed a motion to

---

[1]      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                    - 1 -
4867-4147-0288.v6

dismiss the *Nutanix* FAC. *Nutanix* Action ECF 108. On March 9, 2020, the Court granted the motion to dismiss with leave to amend. *Nutanix* Action ECF 121.

On April 17, 2020, Hedvat and City of Miami filed a second consolidated amended complaint against Defendants ("*Nutanix* SAC"). *Nutanix* Action ECF 124. On May 22, 2020, Defendants moved to dismiss the *Nutanix* SAC. *Nutanix* Action ECF 125. On September 11, 2020, the Court granted in part and denied the motion to dismiss. *Nutanix* Action ECF 140.

On January 27, 2021, Hedvat, City of Miami, and Jose Flores ("Flores") moved to withdraw Hedvat as lead plaintiff in the *Nutanix* Action, and to substitute Flores and City of Miami as co-lead plaintiffs and approve their selection of lead counsel. *Nutanix* Action ECF 161. On March 1, 2021, the Court entered an order withdrawing Hedvat as lead plaintiff and allowing any putative class member to file by March 22, 2021, an application to serve as lead plaintiff. *Nutanix* Action ECF 171.

On May 28, 2021, Norton filed a class action complaint in this Court against Defendants alleging violations of Sections 10(b) and 20(a) of the Exchange Act ("*Norton* Complaint"). *Norton* Action ECF 1. The complaint was filed on behalf of Norton and all other persons or entities similarly situated who transacted in publicly traded call options and/or put options of Nutanix between November 30, 2017 and May 30, 2019, inclusive. *Id.*

On June 2, 2021, the Court entered an order finding that the *Norton* Action was related to the *Nutanix* Action. *Norton* Action ECF 8; *Nutanix* Action ECF 223.

On June 10, 2021, the Court entered an order appointing California Ironworkers as lead plaintiff in the *Nutanix* Action and approving its selection of Robbins Geller Rudman & Dowd LLP as lead counsel. *Nutanix* Action ECF 224.

On July 8, 2021, California Ironworkers filed a motion for leave to supplement the *Nutanix* SAC to conform it to events related to the withdrawal of Hedvat and appointment of California Ironworkers as lead plaintiff. *Nutanix* Action ECF 229. The Court granted the motion on August 16, 2021, and California Ironworkers filed a supplement to the *Nutanix* SAC on the same day. *Nutanix* Action ECF 237-238.

On September 8, 2021, the Court entered an order appointing Norton as lead plaintiff in the *Norton* Action and approving his selection of Levi & Korsinsky, LLP as lead counsel. *Norton* Action ECF 30.

On November 1, 2021, Defendants filed a motion to dismiss the *Norton* Complaint. *Norton* Action ECF 41-42.

On January 5, 2022, the Court entered orders vacating existing deadlines in the Actions while Plaintiffs and Defendants (together, the "Parties") explored a possible resolution through the services of a private mediator. *Nutanix* Action ECF 255; *Norton* Action ECF 53. On April 26, 2022, the Parties in the Actions participated in a mediation session with retired United States District Judge, Layn R. Phillips. On May 11, 2022, the Parties informed the Court that they were unable to resolve the Actions in mediation, and would present a joint proposed schedule to resume the litigation. *Nutanix* Action ECF 262; *Norton* Action ECF 56.

On May 27, 2022, Defendants filed a motion for partial judgment on the pleadings in the *Nutanix* Action. *Nutanix* Action ECF 270.

On June 16, 2022, the Court denied Defendants' motion to dismiss the *Norton* Complaint. *Norton* Action ECF 64.

On September 1, 2022, California Ironworkers and City of Miami filed a third consolidated amended complaint in the *Nutanix* Action ("*Nutanix* TAC") to add new allegations, including allegations based on documents obtained from Nutanix in discovery, and to re-allege previous allegations from the *Nutanix* SAC. *Nutanix* Action ECF 281.

On September 1, 2022, Norton filed a first amended class action complaint in the *Norton* Action ("*Norton* FAC") to add new allegations, including allegations based on documents obtained from Nutanix in discovery, and to re-allege previous allegations from the *Norton* Complaint. *Norton* Action ECF 74-78.

On September 7, 2022, Defendants withdrew their motion for partial judgment on the pleadings without prejudice because it was mooted by the *Nutanix* TAC. *Nutanix* Action ECF 282-283.

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

- 3 -

On September 29, 2022, the Court granted a motion allowing Norton to file a Revised First Amended Complaint ("*Norton* RFAC") in order to conform the *Norton* FAC to the *Nutanix* TAC. *Norton* Action ECF 93. On October 4, 2022, Norton filed the *Norton* RFAC. *Norton* Action ECF 94-98.

On November 14, 2022, Defendants filed an omnibus motion to dismiss the *Nutanix* TAC and the *Norton* RFAC. *Nutanix* Action ECF 292; *Norton* Action ECF 105. On December 29, 2022, Plaintiffs filed an omnibus opposition to the motion to dismiss. *Nutanix* Action ECF 296; *Norton* Action ECF 107. On February 1, 2023, Defendants filed a reply in support of the motion to dismiss. *Nutanix* Action ECF 298; *Norton* Action ECF 109. A hearing on the motion to dismiss was scheduled for February 15, 2023. *Nutanix* Action ECF 288; *Norton* Action ECF 93.

On February 9, 2023, the Parties filed a stipulation and proposed order informing the Court that the Parties had agreed in principle to settle the Actions. *Nutanix* Action ECF 301; *Norton* Action ECF 111. The Parties further requested that the Court vacate the motion to dismiss hearing and agreed to provide a further update to the Court regarding the status of settlement, including the anticipated schedule for Plaintiffs' motion for preliminary approval of settlement, by March 9, 2023. *Id.* On February 10, 2023, the Court entered the proposed order. *Nutanix* Action ECF 302; *Norton* Action ECF 112.

## II.     PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Actions have merit and that the evidence developed to date supports the claims asserted. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions through trial and any possible appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Lead Counsel are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Actions. Based on their evaluation, Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of the Class.

## III.    DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in these Actions.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in these Actions.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs or Class Members have suffered damage, or were otherwise harmed by the conduct alleged in these Actions.  This Stipulation shall not be deemed an admission as to any allegation or defense in these Actions.  Defendants have asserted and continue to assert, among other things, that they acted at all times in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws.  As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, damage, or measure of damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Actions.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation, including trial.  Defendants have determined that it is desirable and beneficial that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any concession by Plaintiffs that the Actions lack merit, and without any concession by Defendants of any liability or wrongdoing or truth as to the allegations of Plaintiffs or lack of merit in Defendants' defenses, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties, through their respective undersigned attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                - 5 -
4867-4147-0288.v6

## 1. Definitions

As used in this Stipulation, the following capitalized terms shall have the meanings set forth below.

1.1 "Actions" means the *Nutanix* Action and the *Norton* Action.

1.2 "Authorized Claimant" means a Class Member whose claim for recovery from the Net Settlement Fund has been allowed pursuant to the terms of the Stipulation.

1.3 "Claim(s)" means a paper claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

1.4 "Claimant" means a person or entity who or that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.5 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.6 "Class" or "Class Member" means all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"); and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period. Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest.[2] Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

1.7 "Class Period" means the period from November 30, 2017 through May 30, 2019, inclusive.

1.8 "Complaints" mean individually and collectively the *Nutanix* TAC filed on September 1, 2022, and the *Norton* RFAC filed on October 4, 2022.

1.9 "Defendants" means Nutanix, Inc., Dheeraj Pandey and Duston M. Williams.

---

[2] "Controlling Interest" shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO     - 6 -
4867-4147-0288.v6

1.10 "Defendants' Counsel" means Wilson Sonsini Goodrich & Rosati, a Professional Corporation.

1.11 "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.12 "Escrow Account" means the separate escrow account designated and controlled by Robbins Geller Rudman & Dowd LLP into which the Settlement Amount will be deposited for the benefit of the Class.

1.13 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP.

1.14 "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and litigation expenses.

1.15 "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either: (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired; or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.16 "Individual Defendants" means Dheeraj Pandey ("Pandey") and Duston M. Williams ("Williams").

1.17 "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.[3]

1.18 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP for the *Nutanix* Action and together with Levi & Korsinsky, LLP for the *Norton* Action.

1.19 "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses and any awards to Plaintiffs; (ii) Notice and Administration Expenses (defined in ¶2.7); (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.20 "*Norton* Action" means the civil action bearing the caption *John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, Case Number 3:21-cv-04080-WHO, pending in the United States District Court for the Northern District of California before the Honorable William H. Orrick.

1.21 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

1.22 "*Nutanix* Action" means the civil action bearing the caption *In re Nutanix Inc. Securities Litigation*, Case Number 3:19-cv-01651-WHO, pending in the United States District Court for the Northern District of California before the Honorable William H. Orrick.

1.23 "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.24 "Plaintiffs" means lead plaintiff California Ironworkers Field Pension Trust and named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust in the *Nutanix* Action, and lead plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD November 15, 2002, in the *Norton* Action.

---

[3] All "Exhibits" cited and referenced to herein are attached to this Stipulation.

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO - 8 -
4867-4147-0288.v6

1.25 "Plan of Allocation" means the plan of allocation of the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.26 "Postcard Notice" means the proposed Postcard Notice, substantially in the form attached hereto as Exhibit A-4.

1.27 "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.28 "Proof of Claim" or "Claim Form" means the form for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.29 "Related Persons" means, with respect to Nutanix, each and all of its former, present, or future parents, subsidiaries, affiliates, predecessors, divisions, joint ventures, agents, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, auditors, accountants, financial advisors, commercial bank lenders, insurers, co-insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, controlling shareholders, and assigns of each or any of them or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and any entity in which any such Defendant has a Controlling Interest. With respect to defendants Pandey and Williams, "Related Persons" means the members of their immediate families, as well as each and all of their respective former, present, or future affiliates, successors and assigns, attorneys, accountants, agents, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, and assigns of each or any of them or any trust of which defendants Pandey and Williams are the settlors or which is for the benefit of defendants Pandey and Williams and any entity in which defendants Pandey and Williams have a Controlling Interest. For purposes of this Stipulation, the Individual Defendants and Nutanix are each other's Related Persons.

1.30 "Released Claims" means any and all claims, demands, losses, debts, rights, and causes of action or liabilities of every nature and description, including any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever whether known claims or Unknown Claims, whether arising under federal, state, local,

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                          - 9 -
4867-4147-0288.v6

statutory, common, or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that concern, arise out of, relate to, or are based upon both: (i) the purchase or acquisition of publicly traded Nutanix securities, call options, or put options during the Class Period; and (ii) the facts, events, transactions, acts, occurrences, statements, representations or omissions which were or could have been alleged in the Actions or could have been asserted in any court or forum. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement, claims that could be brought in any derivative action based on similar allegations, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.

1.31 "Released Defendant Parties" means each and all of the Defendants, and each and all of their Related Persons.

1.32 "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Actions, except for claims relating to the enforcement of the Settlement.

1.33 "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.34 "Released Plaintiff Parties" means Plaintiffs, each and every Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

- 10 -

1.35 "Settlement" means the resolution of the Actions in accordance with the terms and provisions of the Stipulation.

1.36 "Settlement Amount" means Seventy-One Million U.S. Dollars ($71,000,000.00) to be paid by check(s) or wire transfer(s) to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.37 "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.38 "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair, reasonable, adequate, and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and awards to Plaintiffs should be approved.

1.39 "Settling Parties" means Plaintiffs, on behalf of themselves, the Class, and Defendants.

1.40 "Stipulation" means this Stipulation of Settlement.

1.41 "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.42 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.43 "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.44 "Unknown Claims" means any and all Released Claims that Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in their, his, her, or its favor, which if known by any of them, might have affected their, his, her, or its decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected their, his, her, or its decision not to object to this Settlement or not exclude themselves, himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Class Members (as regards to the Released Claims) and Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Actions, but they stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2. The Settlement

### a. The Settlement Fund

2.1 In full settlement of the Released Claims, Nutanix shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent within twenty (20) calendar days after the Court signs and enters the Preliminary Approval Order of the Settlement (the "Payment Date"); *provided that, however*, the Payment Date is not fewer than thirty (30) calendar days after Lead Counsel has provided to Defendants' Counsel the wire and check payment instructions for the Escrow Account and an IRS Form W-9 (or other appropriate tax identification information) for the Settlement Fund and the name and telephone number of a person with knowledge who verbally can confirm the payment instructions for the Escrow Account. The Settlement Amount transferred to the Escrow Account, together with any interest and income earned thereon, shall constitute the Settlement Fund. Other than Nutanix's obligation to cause the Settlement Amount to be transferred into the Escrow Account set forth herein, Defendants shall have no responsibility to make any other payments pursuant to the Stipulation.

2.2 If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement, but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within fifteen (15) calendar days after Lead Counsel has provided such written notice.

### b. The Escrow Agent

2.3 The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4     The Escrow Agent shall not disburse the Settlement Fund except: (i) as provided in the Stipulation; (ii) by an order of the Court; or (iii) with the written agreement of counsel for the Settling Parties.

2.5     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order(s) of the Court.

2.7     Notwithstanding that the Effective Date of the Settlement has not yet occurred, up to $350,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proofs of Claim, administering and preparing for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  For the avoidance of doubt, the Notice and Administration Expenses are part of the Settlement Amount.  In the event that the Settlement is not consummated, money actually paid or incurred for this purpose, including any related fees, up to $350,000, shall not be repaid or returned.  Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Expenses.

c.     **Taxes**

2.8     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1)

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

- 14 -

back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c) All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); the Released Defendant

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

- 15 -

Parties are not responsible, nor shall they have any liability, therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

**d.     Termination of Settlement**

2.9     In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded pursuant to ¶¶6.2 and 7.3 and written instructions from Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount within thirty (30) calendar days from the date of the notice from Defendants' Counsel pursuant to ¶7.3.

**3.     Preliminary Approval Order and Settlement Hearing**

3.1     Promptly after execution of the Stipulation, Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the emailing and mailing of the Postcard Notice and publication of the Summary Notice, in the forms of Exhibits A-4 and A-3, respectively, attached hereto.  The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2     Plaintiffs shall request that, after notice is given to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Actions as set forth herein.  At or after the Settlement Hearing, Plaintiffs also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.      Releases**

4.1      Upon the Effective Date, Plaintiffs and each of the Class Members (excluding those who have validly opted out of the Class) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged against the Released Defendant Parties (whether or not such Class Members execute and deliver a Proof of Claim) any and all Released Claims (including, without limitation, Unknown Claims).

4.2      Upon the Effective Date, Plaintiffs and each of the Class Members (excluding those who have validly opted out of the Class), whether or not such Class Members execute and deliver a Proof of Claim, shall forever be permanently barred and enjoined from the institution, commencement, maintenance, prosecution, or enforcement against any Released Defendant Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).

4.3      The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

4.4      Upon the Effective Date, Defendants shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).  For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendant Parties may have against any insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Actions or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                                - 17 -
4867-4147-0288.v6

4.5     Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Actions, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Actions, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Defendant Parties with respect to claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to the Actions, including the Settlement Amount and legal fees and costs incurred in connection with the Actions.

4.6     Notwithstanding ¶¶4.1-4.5, nothing herein or in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2      Within ten (10) calendar days after the Court enters the Preliminary Approval Order, Nutanix shall provide, or cause to be provided to, Lead Counsel or the Claims Administrator, without any charge to Plaintiffs or the Class, any record shareholder lists, including records held by Nutanix's transfer agent, as appropriate for providing notice of pendency and proposed Settlement to the Class.  The Settling Parties shall determine an appropriate electronic format for provision of this information.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

5.3      In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to be emailed (or mailed in those instances where no email address is available) by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4      The Settlement Fund shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay, to the extent allowed by the Court, Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, electronically submitted or postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant their, his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust.

5.10    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination, or calculation of any Claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.12    No Person shall have any claim against Plaintiffs, the Class, Released Plaintiff Parties, Lead Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

**6.     Lead Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with prosecuting the Actions; plus (iii) any interest on such attorneys' fees and expenses at the same rate

and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses, and costs awarded by the Court shall be payable solely out of the Settlement Fund. In addition, Plaintiffs may submit an application for awards from the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses. This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination, or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within thirty (30) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction. Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Actions.

6.4     Defendants shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Plaintiffs apart from payment of the Settlement Amount pursuant to ¶2.1.

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                                    - 22 -
4867-4147-0288.v6

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(d)    Defendants have not exercised their option to terminate the Stipulation pursuant to the provisions of this Stipulation (including the Supplemental Agreement described below);

(e)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Actions, as to Plaintiffs and other Class Members, and as against Defendants, as set forth above; and

(f)    the Judgment has become Final, as defined in ¶1.15 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. Defendants shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within thirty (30) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from

Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount.

7.4     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Actions as of February 8, 2023. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.44, 2.7-2.9, 7.2, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of February 8, 2023. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or other payment awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     In addition to the grounds set forth in ¶7.4 above, Nutanix shall have the option, in its sole and absolute discretion, to terminate the Settlement in the event that Class Members who have timely and validly requested exclusion from the Class meet the conditions set forth in the Parties' confidential supplemental agreement (the "Supplemental Agreement"), in accordance with the terms of that agreement. Any Class Member seeking to exclude himself, herself, or itself from the Class must timely submit records of all of his, her, or its transactions in Nutanix securities during the Class Period sufficient to calculate the number of shares of Nutanix securities purchased or acquired during the Class Period and the amount of his, her, or its losses as calculated under the Plan of Allocation. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                      - 24 -
4867-4147-0288.v6

Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Counsel and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties agree to file the Supplemental Agreement under seal and to jointly request that the Court afford it confidential treatment in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement.

7.6 Defendants warrant and represent that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, they are not "insolvent" within the meaning of 11 U.S.C. §101(32). If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants and that Defendants and Plaintiffs and the members of the Class shall be restored to their litigation positions as of February 8, 2023.

**8. Miscellaneous Provisions**

8.1 The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Actions. The Settlement shall not be deemed an

admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense. The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the Actions, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to the institution, prosecution, defense, and resolution of the Actions. While retaining their right to deny liability, Defendants will agree that, based upon the publicly available information at the time, the Actions filed were filed in good faith and with an adequate basis in fact, were not frivolous, and are being settled voluntarily by the Defendants after consultation with competent legal counsel in an amount and in a fashion that reflects the merits of the claims. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Actions, including that the Actions were brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. For the avoidance of doubt, this Stipulation, this Settlement, the Exhibits, the Supplemental Agreement, and any other act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement, as well as the negotiations leading to the execution of this Stipulation, and any proceedings, communications, drafts, documents or agreements taken pursuant to, or in connection with this Stipulation, (i) shall not be offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties of the

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                    - 26 -
4867-4147-0288.v6

truth of any allegations by Plaintiffs, any member of the Class, or their Related Persons or the validity of any claim that has been or could have been asserted in the Actions, or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties or in any way referred to for any other reason as against the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (ii) shall not be offered or received against or to the prejudice of Released Defendant Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against Lead Counsel or any member of the Class or their Related Persons as evidence of any infirmity in the claims of Plaintiffs and the Class; and (iii) shall not be offered or received against Released Defendant Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the releases granted them hereunder. The Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

8.4  No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715 *et seq*. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                    - 27 -
4867-4147-0288.v6

8.5     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

8.6     All agreements made and orders entered during the course of the Actions relating to the confidentiality of documents and information shall survive this Stipulation.

8.7     All of the Exhibits to the Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.8     The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9     No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.10    The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein each Settling Party shall bear its own costs.

8.11    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative lawsuits or other lawsuits.  Nor shall the Settlement be conditional upon the obtaining of any judicial approval of any releases between or among Defendants and/or any third-parties.

8.12    This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Actions, and as more fully described herein.  If any provision of this Stipulation shall be determined to be

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                    - 28 -
4867-4147-0288.v6

invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.13    Each of Lead Counsel and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter an order substantially in the form of Exhibit A hereto preliminarily approving the Settlement in any material respect and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve the Settlement, the Stipulation, the Exhibits to the Stipulation, or any material part thereof; (c) the Court's refusal to enter the Judgment substantially in the form of Exhibit B hereto; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the Effective Date to occur for any reason subject to terms set forth in ¶7.1.  However, it shall not be a basis for Lead Counsel or Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.14    Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.15    Each counsel or other Person executing the Stipulation, any of its Exhibits, the Supplemental Agreement, or any related Settlement document on behalf of any Settling Party hereby

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                                    - 29 -
4867-4147-0288.v6

warrants that such Person has the full authority to do so. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.16    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by overnight delivery (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiffs or to Lead Counsel:

> Theodore J. Pintar
> Robbins Geller Rudman & Dowd LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

If to Defendants or to Defendants' Counsel:

> Ignacio E. Salceda
> Wilson Sonsini Goodrich & Rosati, Professional Corporation
> 650 Page Mill Road
> Palo Alto, CA 94304
> Telephone: 650/493-9300

8.17    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.18    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.19    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.20     Pending approval by the Court of the Stipulation and its Exhibits, all proceedings in the Actions shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.21     This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

8.22     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.23     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, on April 7, 2023.

ROBBINS GELLER RUDMAN
 & DOWD LLP
STEPHEN R. ASTLEY
(admitted *pro hac vice*)
ROBERT J. ROBBINS
(admitted *pro hac vice*)
ANDREW T. REES
(admitted *pro hac vice*)

_____
STEPHEN R. ASTLEY

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

- 31 -

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
rrobbins@rgrdlaw.com
arees@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
(admitted *pro hac vice*)
FRANK A. RICHTER
(admitted *pro hac vice*)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

*Lead Counsel for Lead Plaintiff California
Ironworkers Field Pension Trust and
Plaintiff City of Miami Fire Fighters' and
Police Officers' Retirement Trust*

LEVI & KORSINSKY, LLP
ADAM M. APTON (SBN 316506)
ADAM C. MCCALL (SBN 302130)
75 Broadway, Suite 200
San Francisco, CA 94111
Telephone: 415/373-1671
415/484-1294 (fax)
aapton@zlk.com
amccall@zlk.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
(admitted *pro hac vice*)
GREGORY M. POTREPKA
(admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 212/363-7500
866/367-6510 (fax)
shopkins@zlk.com
gpotrepka@zlk.com

*Lead Counsel for Lead Plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002, and Additional Counsel for Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust*

WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
NINA F. LOCKER (SBN 123838)
IGNACIO E. SALCEDA (SBN 164017)
EVAN L. SEITE (SBN 274641)
BETTY CHANG ROWE (SBN 214068)
LAURA G. AMADON (SBN 321524)

_____
IGNACIO E. SALCEDA

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO
4867-4147-0288.v6

- 33 -

650 Page Mill Road
Palo Alto, CA 94304
Telephone: 650/493-9300
650/565-5100 (fax)
nlocker@wsgr.com
isalceda@wsgr.com
eseite@wsgr.com
browe@wsgr.com
lamadon@wsgr.com

Attorneys for Defendants Nutanix, Inc.,
Dheeraj Pandey, and Duston M. Williams