# Exhibit A

**DECLARATION OF AMY FISHER IN SUPPORT OF HER MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF**

I, Amy Fisher, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I respectfully submit this Declaration in support of my motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action") on behalf of investors in Paycom Software, Inc. ("PAYC" or the "Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2.      I am 49 years old. I presently reside in Owasso, Oklahoma. I currently home-school my children. Previously, I worked as a Client Relations Representative for Paycom from approximately February 2011 up until June 2018. I obtained a Bachelor of Arts degree from Grand Canyon University. I have approximately 5 years of experience in managing my own investment portfolio.

3.      I have a membership with www.LinkedIn.com. I understand that my LinkedIn Profile currently identifies me as being presently employed by Paycom. This is incorrect. I have not been employed with Paycom since June 2018. After leaving Paycom to homeschool my children, I did not update my LinkedIn Profile as I no longer use the platform.

4.      As set forth in my certification, during the alleged Class Periods, I personally purchased a substantial amount of shares of PAYC, retained those shares through disclosures that allegedly caused the share price to drop significantly, and suffered substantial recoverable losses as a result. By virtue of my significant financial interest in the resolution of the Action I am motivated to litigate vigorously, efficiently, and to the best of my ability to maximize the potential recovery for myself and the Class I seek to represent. Given my role at Paycom and the fact that my employment ended years ago and before the alleged Class Period, I do not believe I have any material non-public information concerning Paycom, either now or at the times I acquired or sold PAYC shares, which would be relevant to this litigation. Nor do I believe I am bound by any agreements that would bar my ability to pursue claims against Paycom arising from investment decisions I made years after ending my employment there. I am also not aware of any conflicts of interest I could have with other class members.

5.      Prior to seeking appointment as lead plaintiff in the Action, I spoke via phone and email with attorneys at Hagens Berman Sobol Shapiro LLP about the lead plaintiff process, the responsibilities of a lead plaintiff under the PSLRA, and how the case would progress after a lead plaintiff is appointed. I understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that I would owe duties to the Class to act in its best interest.

6.     If appointed as lead plaintiff, I will be responsible for conferring with counsel, reviewing, and authorizing the filing of important litigation documents, and being deposed or attending important court hearings and trial, if necessary. I further understand that I am not required to seek appointment as lead plaintiff to recover. Rather, based on my financial interest, I decided to seek lead plaintiff appointment rather than remain an absent class member.

7.     After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman Sobol Shapiro LLP would adequately serve as lead counsel based on the firm's experience, resources, and past successes I signed both a retainer agreement with Hagens Berman Sobol Shapiro LLP and certification form and authorized the firm to file a lead plaintiff motion on my behalf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct. Executed on this 5th day of February, 2024.

_____
AMY FISHER