## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANGELO VENTRILLO JR., Individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 5:23-cv-01019-F |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| COREY SCHOENROCK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 5:24-cv-00012-F |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| JOSEPH MINARIK, Individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 5:24-cv-00014-F |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG BOELTE, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| CHRIS H. CALOTO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No. 5:24-cv-00019-F |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| PAYCOM SOFTWARE, INC., CHAD RICHISON, and CRAIG E. BOELTE, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Paycom Software, Inc. ("Paycom") provides cloud-based human resources and payroll functions for small to mid-sized companies throughout the United States. Its common stock trades on the New York Stock Exchange under the ticker symbol

"PAYC."  In July 2021, Paycom launched a new application called "Beti"[1] as an enhancement to its then-existing payroll offerings.

Presently pending in this district are four putative class actions against Paycom and two of its executive officers, Chad Richison and Craig Boelte, seeking relief for alleged violations of § 10(b) and § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b.5.  The class action complaints allege that, during the class period, defendants made materially false and misleading statements and failed to disclose material adverse facts pertaining to Paycom's business, operations, and prospects.  Specifically, defendants are alleged to have made materially false and misleading statements and failed to disclose material adverse facts regarding Beti and its cannibalization of the company's services and revenues.  Defendants' fraudulent conduct is alleged to have artificially inflated the price of Paycom's stock, and when the truth emerged, the price fell significantly.  Indeed, on November 1, 2023, the price fell by more than 38%, resulting in substantial losses and damages to plaintiffs and the putative class members.[2]

In the first-filed putative class action, <u>Angelo Ventrillo Jr. v. Paycom Software, Inc., Chad Richison, and Craig Boelte</u> ("Ventrillo action"), Case No. CIV-23-1019-F, four putative class members have filed motions requesting the court to consolidate the putative class actions, appoint a lead plaintiff, and approve selection of counsel.  *See*, doc. nos.  16, 19, 27, and 30.  The movants are Dr.

---

[1] Beti stands for Better Employee Transaction Interface.  The new application allowed employees to do their own payroll.

[2] In addition to the four putative class actions, a shareholder derivative action has been filed, <u>Moon v. Richison, et al.</u>, Case No. CIV-24-240-F, with allegations similar in some ways to the allegations in the putative class actions.  That action is currently stayed.  Doc. no. 27 in Case No. CIV-24-240-F.

Calvin E. Mein, Joseph Minarik, Amy Fisher, and Michigan Laborers' Pension Fund.[3]  Dr. Mein also filed a similar motion in the action, <u>Corey Schoenrock v. Paycom Software, Inc., Chad Richison and Craig Boelte</u> ("Schoenrock action"), Case No. CIV-24-12-F.  *See*, doc. no. 2.  The motions are at issue.  Having reviewed all papers regarding the motions and having concluded that oral argument is unnecessary, the court proceeds with its determination.

<u>Schoenrock Action</u>

A class action complaint was filed by Corey Schoenrock, individually and on behalf of all others similarly situated.  It was signed by Mark A. Smith of Caruso & Smith, PLLC, as counsel on behalf of Mr. Schoenrock.  Dennis A. Caruso of Caruso & Smith, PLLC and Adam M. Apton of Levi & Korsinsky, LLP were listed as additional counsel.  On February 9, 2024, the court entered an order directing Mr. Smith, as the attorney who signed the class action complaint, to file his entry of appearance within three business days.  Doc. no. 21 in the Schoenrock action.  The court advised that if Mr. Smith failed to comply with the court's directive, that failure could result in the dismissal without prejudice of the action pursuant to Rule 41(b), Fed. R. Civ. P.  *Id.*

The court advised that if Mr. Smith complied with the court's directive and Mr. Apton desired to be admitted *pro hac vice*, Mr. Smith shall file a motion in accordance with LCvR83.2(g) and LCvR83.3(b) within five business days.  *Id.* Similarly, if Dennis Caruso desired to represent plaintiff, Mr. Caruso was to file an entry of appearance within five business days.  *Id.*  Otherwise, the record would reflect that plaintiff was only represented by Mr. Smith.  *Id.*

---

[3] Brenda Herbert also filed a motion for consolidation of the putative class actions, appointment as lead plaintiff, and approval of counsel.  Doc. no. 22.  Subsequently, Ms. Herbert filed a notice withdrawing her motion.  Doc. no. 42.  The court deems Ms. Herbert's motion withdrawn.

Mr. Smith did not file an entry of appearance on behalf of Corey Schoenrock as directed by the court. Instead, he filed an entry of appearance on behalf of the movant, Dr. Mein, who had filed a motion for consolidation, appointment as lead counsel, and approval of selection of counsel in the case. Doc. no. 23 in the Schoenrock action.

Because Mr. Smith did not comply with the court's directive, the court concludes that the Schoenrock action should be dismissed without prejudice pursuant to Rule 41(b), Fed. R. Civ. P. With the dismissal without prejudice of the Schoenrock action, the court will strike as moot the motion of Dr. Mein for consolidation, appointment as lead plaintiff and approval of selection of counsel filed in the Schoenrock action (doc. no. 2 in the Schoenrock action).

Consolidation

The three remaining putative class actions are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA requires the court to determine whether to consolidate the actions before ruling on the appointment of lead plaintiff. *See*, 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [on the lead plaintiff] until after the decision on the motion to consolidate is rendered."). Consolidation is governed by Rule 42, Fed. R. Civ. P., which permits consolidation if the actions "involve a common question of law or fact." Rule 42(a)(2), Fed. R. Civ. P. The court is vested with "broad discretion" in determining whether consolidation is appropriate. Gillette Motor Transport v. Northern Okl. Butane Co., 179 F.2d 711, 712 (10th Cir. 1950).

Upon review, the court concludes that consolidation of the three remaining putative class actions is appropriate. At the outset, the court notes that all movants

support consolidation and no party objects.   In addition, the actions involve substantially similar factual allegations, allege the same legal claims, and implicate the same defendants.   The court recognizes that there is a difference between the putative class action filed by Chris H. Caloto[4] and the other two putative class actions,[5] regarding the length of class period.   The Caloto action alleges a class period between February 9, 2022 and October 31, 2023.   The Ventrillo and Minarik actions allege a class period between May 3, 2023 and November 1, 2023.   The difference in class periods, however, does not render consolidation inappropriate. *See*, <u>Kaplan v. Gelfond</u>, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (differing class periods alone will not defeat consolidation).   Therefore, the court will consolidate the Ventrillo action, the Minarik action, and the Caloto action, for all purposes.

<u>Lead Plaintiff</u>

Having determined the issue of consolidation, the court turns to the appointment of lead plaintiff.   The PSLRA provides that the court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereafter . . . referred to as the 'most adequate plaintiff')[.]"   15 U.S.C. § 78u-4(a)(3)(B)(i).   In making this determination, the court is instructed to "adopt a presumption that the most adequate plaintiff . . . is the person . . . that—

(aa) has either filed the complaint or made a motion in response to [a notice advising members of the purported plaintiff class of the pendency of the class action,

---

[4] <u>Chris H. Caloto v. Paycom Software, Inc., Chad Richison, and Craig E. Boelte</u> ("Caloto action"), Case No. CIV-24-19-F.   The Caloto action was transferred to this district by the United States District Court for the Southern District of New York.

[5] The other two putative class actions are the Ventrillo action and <u>Joseph Minarik v. Paycom Software, Inc., Chad Richison and Craig Boelte</u> ("Minarik action"), Case No. CIV-24-14-F.

the claims asserted and the purported class period pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption may be rebutted only upon "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 778u-4(a)(3)(B)(iii)(II)(aa) and (bb).

There is no dispute that all four movants—Dr. Mein, Mr. Minarik, Ms. Fisher, and Michigan Laborers' Pension Fund—filed timely motions in response to the statutory notice advising of the pendency of the Ventrillo action.  But there is a dispute regarding which individual or entity has the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78-u4(a)(3)(B)(iii)(I)(bb) and (cc).

A. *Largest Financial Interest*

The PSLRA does not specify how the court is to decide which individual or entity has the "largest financial interest" in the relief sought by the class.  "'[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.'"  Duane & Virginia Lanier Trust v. Sandridge Energy, Inc., Case No. CIV-15-634-M, 2016 WL 1056653, at *2 (W.D. Okla. March 16, 2016) (quoting Takara Trust v. Molex Inc., 229 F.R.D. 577, 579 (N.D. Ill. 2005)); *see also*, Scuderi v. Mammoth Energy Services, Inc., Case Nos. CIV-19-522-SLP, CIV-19-560-SLP and

CIV-19-720-SLP, 2019 WL 4397340, at *2 (W.D. Okla. Sept. 13, 2019) ("'[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action.'") (quoting Ellis v. Spectranetics Corporation, Civil Action No. 15-cv-01857-KLM, 2015 WL 9259928, at *2 (D. Colo. Dec. 18, 2015).  In their motions, the movants claim the following total losses: Dr. Mein—$1,659,500.00; Mr. Minarik—$1,231,553.48; Ms. Fisher—348,693.47; and Michigan Laborers' Pension Fund—$321,651.05.[6]   As Dr. Mein's claimed losses are the greatest, the court concludes that he has the largest financial interest in the relief sought by the class.

In his papers, Mr. Minarik argues that Dr. Mein has improperly inflated his financial interest by crediting losses on shares he sold prior to any corrective disclosure.  Mr. Minarik relies upon Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), wherein the Supreme Court explained that if "the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."  Id. at 342.  Mr. Minarik contends that under Dura any losses Dr. Mein may have incurred before the public disclosure of defendants' fraudulent misconduct are not recoverable and therefore should not be counted in

---

[6] All movants, except Ms. Fisher, use the longest noticed class period—between February 9, 2022 and November 1, 2023, inclusive—in measuring their financial interests.  For purposes of determining who should be the lead plaintiff, the court adopts the approach of the district court in In re BP, PLC Securities Litigation, 758 F.Supp.2d 428 (S.D. Tex. 2010), of using "the longest noticed class period unless the factual allegations supporting that period are obviously frivolous." Id. at 434 (quotation marks and citation omitted).  "This standard achieves a proper balance, discouraging plaintiffs from manipulating the class period so that they have the largest financial interest but substantially avoiding the merits of the claims without the benefit of adversarial briefing." Id.   The court concludes that the factual allegations of the Caloto complaint supporting the class period beginning on February 9, 2022, rather than May 3, 2023, are not obviously frivolous.  The court thus finds that the longest noticed class period should be used in determining financial interests.  Using such class period, it appears Ms. Fisher's total losses would be $287,010.51 rather than $348,693.47.  However, in light of the court's ruling, the court need not conclusively determine the amount of Ms. Fisher's total losses.

his total losses.   According to Mr. Minarik, Dr. Mein's <u>Dura</u> losses total only $1,302,000.00.

Assuming without deciding that the court should only consider Dr. Mein's <u>Dura</u> losses in determining the person with the greatest total losses, Dr. Mein's <u>Dura</u> losses still exceed Mr. Minarik's <u>Dura</u> losses.   Although Mr. Minarik maintains there is only a "marginal difference" between his <u>Dura</u> losses and Dr. Mein's <u>Dura</u> losses—slightly over $70,000.00—Mr. Minarik has not cited any authority permitting the court to ignore the statutory presumption given to the person with the "largest financial interest" in the relief sought by the class.   Courts have found otherwise. *See*, *e.g.*, <u>Hessefort v. Super Micro Computer, Inc.</u>, 317 F. Supp. 3d 1056, 1060 (N.D. Calif. 2018); <u>Ferrari v. Gisch</u>, 225 F.R.D. 599, 605 (C.D. Calif. 2004). The court concludes that Dr. Mein has the largest financial interest in the relief sought by the class.

B. *Rule 23*

In addition to having the largest financial interest, a potential lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   The two requirements of Rule 23 which are relevant to the issue are the typicality and adequacy requirements. <u>In re Cendant Corp. Litigation</u>, 264 F.3d 201, 263 (3d Cir. 2001).   And at this juncture, the court is "confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Id*.

With respect to typicality, the court considers "whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of the other class members will perforce be based." <u>Cendant Corp.</u>, 264 F.3d at at 265 (quotation marks, citations and internal brackets omitted).   When considering adequacy, the court considers whether the movant "has the ability and incentive to

represent the claims of the class vigorously, whether [he] has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *Id*. (quotation marks, citations and legal brackets omitted).  In conducting the inquiry as to whether the movant satisfies the typicality and adequacy requirements, "the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id*. at 264.  Further, at this stage, the court does not consider "any arguments by other members of the putative class[.]" *Id*.

Upon review, the court concludes that Dr. Mein satisfies the typicality requirement.  The circumstances of Dr. Mein's claims are not markedly different from the claims of the putative class members, as they result from the same alleged course of conduct, and his claims are based on the same legal theories.  Because only a *prima facie* case of typicality is necessary, the court concludes that Dr. Mein has satisfied his burden of establishing the typicality requirement.

The court also concludes that Dr. Mein has satisfied the adequacy requirement.  Dr. Mein has sufficient interest in the litigation—evidenced by his large financial losses—to ensure vigorous advocacy on behalf of the putative class, and he has retained counsel, Levi & Korinsky LLP, which appears to be qualified, experienced, and able to conduct the litigation.  In addition, there is no indication in the record that any conflict exists between Dr. Mein's claims and those asserted on behalf of the putative class.

Because he has the largest financial interest in this litigation and has made a *prima facie* showing that he otherwise satisfies the typicality and adequacy requirements of Rule 23, the court finds that Dr. Mein is presumptively the most adequate plaintiff.

C. *Rebuttal Evidence*

As a presumptive lead plaintiff has been determined, the court turns "to the question whether the presumption has been rebutted." Cendant Corp., 264 F.3d at 268. The presumption "'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)) (emphasis omitted).

In their papers, Ms. Fisher and Michigan Laborers' Pension Fund assert that Dr. Mein is atypical because his losses came exclusively from his sales of put options. They rely upon decisions from district courts, including district courts in this circuit, to support their assertion.[7] However, Dr. Mein counters with district court decisions, including one from this circuit, where movants, like Dr. Mein, were appointed as lead plaintiffs.[8] Dr. Mein also points out that unlike the cases cited by

---

[7] *See*, Jaramillo v. Dish Network Corporation, Civil Action No. 23-cv-00734-GPG-SKC, 2023 WL 5312062, at *3 (D. Colo. Aug. 16, 2023); Teroganesian v. Sw. Airlines Co., Civil Action No. 4-23-CV-00115, 2023 WL 4565464, at *5 (S.D. Tex. July 15, 2023); Patel v. Reata Pharms, Inc., 549 F. Supp. 3d 559, 563 (E.D. Tex. 2021); Scheller v. Nutanix, Case No. 19-cv-01651-WHO, 2021 WL 2410832, at *6 (N.D. Calif. June 10, 2021); Gelt Trading v. Co-Diagnostics, Inc., No. 2:20-cv-00368-JNP-DBP, 2021 WL 913934, at *4-5 (D. Utah Mar. 10, 2021); Di Scala v. ProShares Ultra Bloomberg Crude Oil, No. 20 Civ. 5865 (NRB), 2020 WL 7698321, at *4 (S.D.N.Y Dec. 28, 2020); In re Stitch Fix, Inc. Sec. Litig., 393 F. Supp. 3d 833, 836 (N.D. Cal. Aug. 9, 2019); Cook v. Allergn PLC, Nos. 18 Civ. 12089 (CM), 18 Civ. 12219 (CM), 2019 WL 1510894, at *2 (S.D.N.Y Mar. 21, 2019); Applestein v. Medivation, Inc., No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010); and Andrada Atherogenics, Inc., Nos. 05 Civ. 00061 (RJH), 05 Civ. 1938 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005).

[8] *See*, Isaacs v. Musk, Case Nos. 18-cv-04865-EMC, 18-cv-04876-EMC, 18-cv-04912-EMC, 18-cv-04939-EMC, 18-cv-04948-EMC, 18-cv-05258-EMC, 18-cv-05463-EMC, 18-cv-05470-EMC, and 18-cv-05899-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018); Flora v. Hain Celestial Group, Inc., No. 16-cv-04581 (ADS)(SIL), No. 16-cv-4589 (ADS)(SIL), No. 16-cv-4597 (ADS)(SIL), 2017 WL 11816987, at *6-7 (E.D.N.Y. June 5, 2017); Medina v. Clovis Oncology, Inc., No.15-CV-2546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016); Goldstein v. Puda Coal, Inc., 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011); Hall v. Medicis Pharm. Corp., Nos.

Ms. Fisher and Michigan Laborers' Pension Fund, the class definition in this case explicitly includes persons or entities who sold put options during the class period. *See*, *e.g.*, doc. no. 1 in the Minarik Action, ¶ 1.  Further, he confirms that he relied on the then-current market prices of Paycom's common stock in sales of his put options.  Doc. no. 49, ¶ 9.

The court notes that Dr. Mein did not suffer losses exclusively from sales of put options.  He also sustained losses from purchasing Paycom common stock.  Doc. no. 49, ¶ 4.  Further, the court notes that the statute requires "proof" to rebut the presumption that Dr. Mein is the most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, Ms. Fisher and Michigan Laborers' Pension Fund have not presented any specific evidence to demonstrate that Dr. Mein will not fairly and adequately protect the interests of the class or is subject to unique defenses that render him incapable of adequately representing the class.  They offer "no 'specific evidence' which suggests that 'the nature of [Dr. Mein's] options, the history of their purchase and sale, or some other factor [makes Dr. Mein] inadequate to represent the class.'"  Grad v. Ironnet, Inc., Case No. 1:22-cv-00449 (RDA/JFA), 2022 WL 2789899, at *6 (E.D. Va. Jul. 15, 2022) (Hall v. Medicis Pharmaceutical Corp., Nos. CV-08-1821-PHX-GMS, CV-08-1870-PHX-DKD, CV-08-1964-PHX-JAT, 2009 WL 648626, at *4 (D. Ariz. Mar. 11, 2009).  Absent such evidence, the court declines to find that the statutory presumption has been rebutted.  *See*, Grad, 2022 WL 2789899, at *6; *see also*, Cendant Corp., 264 F.3d at 268 ("[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff;

---

CV-08-1821-PHX-GMS, CV-08-1870-PHX-DKD, CV-08-1964-PHX-JAT, 2009 WL 648626, at *5 (D. Ariz. Mar. 11, 2009); In re Priceline.com Inc. Sec. Litig., 236 F.R.D. 89, 100 (D. Conn. 2006); Deutschman v. Beneficial Corp., 132 F.R.D. 359, 371 (D. Del. 1990).

instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job.") (emphasis in original).

In his papers, Mr. Minarik suggests that Dr. Mein cannot establish the adequacy requirement because his selected counsel, Levi & Korsinky LLP, has represented lead plaintiffs in several cases who have dropped out of the case after their appointment by the court. However, Minarik does not proffer any specific evidence to support his suggestion. Without such evidence, the court concludes that Mr. Minarik has not rebutted the presumption that Dr. Mein is the most adequate plaintiff.

Based upon the foregoing, the court determines Dr. Mein "to be most capable of adequately representing the interests of class members" and, accordingly, will appoint Dr. Mein as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

Selection of Lead Counsel

Dr. Mein seeks appointment of Levi & Korsinsky, LLP, as lead counsel, and Caruso & Smith, PLLC as liaison counsel. The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The court generally defers to the lead plaintiff's choice of counsel, and will only reject the plaintiff's choice of counsel if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(ll)(aa); Cendant Corp., 264 F.3d at 274.

Upon review of the record, the court will approve the selection and retention of Levi & Korsinky, LLP as lead counsel. It appears to the court that the firm has adequate experience litigating securities class actions and possesses adequate resources to manage the litigation.

As to Caruso & Smith, PLLC, the court declines to approve its selection as liaison counsel. In the court's view, another proposed liaison counsel is necessary to protect the interests of the class. Mr. Smith filed the complaint in the Schoeneck

action but did not enter an appearance upon filing the complaint.  He also did not comply with the court's order (doc. no. 21 in Case No. CIV-24-12-F) requiring an entry of appearance, resulting in the dismissal without prejudice of the Schnoenock action.  This is a decidedly inauspicious start for a lawyer who aspires to serve in the important and exacting role of liaison counsel.[9]  Moreover, because liaison counsel is charged with essentially administrative matters, it "will usually have offices in the same locality as the court."  <u>Shaffer v. Digital Generation, Inc.</u>, Civil Action No. 3:13-CV-1684-N, 2013 WL 12430537, at *4 (N.D. Tex. Sept. 19, 2013) (quoting Manual for Complex Litigation § 10.221 (4th ed. 2004) (emphasis omitted).

Dr. Mein will be required to recommend another law firm with an office in Oklahoma City to be appointed as liaison counsel within 14 days from the entry of the court's order.

<u>Conclusion</u>

For the above-stated reasons, the court **ORDERS** as follows:

1.      The Schoenrock action (Case No. CIV-24-12-F) is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), Fed. R. Civ. P.  A separate judgment will be entered.  In light of the dismissal, the motion filed by movant Calvin Mein in the Schoenrock action (doc. no. 2) is **STRICKEN** as **MOOT**.

---

[9] The court will note, also, that there is reason to wonder just who, or what, "Caruso & Smith" is. The complaint, doc. no. 1, is signed by Mark A. Smith for "Caruso & Smith, PLLC." Doc. no. 1, at 29. But the docket shows no such firm. We have "Caruso Law Firm PC" (apparently where Mr. Dennis Caruso practices) and, at a different address in Tulsa, "Caruso, Smith & Dunn, PLLC" (apparently where Mark A. Smith practices). The appointment of law firms, not individual lawyers, in securities litigation, is common practice (and probably necessary as a practical matter), but diverges from the traditional understanding, under Rule 11, that attorneys appearing on behalf of litigants in federal court do so *as individuals* and not as law firms. *Cf.*, <u>Pavelic & LeFlore v. Marvel Ent. Grp.</u>, 493 U.S. 120, 125 (1989) (decided prior to 1993 amendment to Rule 11). For that reason, confusion as to whether a law firm even exists by the proffered name is no small matter. But this confusion (though, for the reasons stated here, worthy of note) is not what leads the court to reject Mark A. Smith (and "Caruso & Smith," in any incarnation) as liaison counsel.

2.      The motion for consolidation, appointment as lead counsel, and approval of counsel filed by movant Brenda Herbert in the Ventrillo action (doc. no. 22) is **DEEMED WITHDRAWN**.

3.      The remaining motions for consolidation filed in the Ventrillo action (doc. no. 16, 19, 27, and 30) are **GRANTED** to the extent that the Ventrillo action, Case No. CIV-23-1019-F, the Minarik action, Case No. CIV-24-0014-F, and the Caloto action, Case No. CIV-24-0019-F are consolidated, pursuant to Rule 42(a), Fed. R. Civ. P., for all purposes.

4.      The Ventrillo action, Case No. CIV-23-1019-F, shall constitute the master case for every action in this consolidated action.  For statistical purposes only, the court directs the court clerk to administratively close the Minarik and Caloto actions.

5.      All documents filed in the master case shall bear the following caption:

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re PAYCOM SOFTWARE, INC. SECURITIES LITIGATION | ) ) | Master Case No. 5:23-cv-01019-F |
| _____ | ) ) | |
| This Document Relates To: | ) ) | <u>CLASS ACTION</u> |
| _____ | ) ) | |

When a document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:".  When a document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for

each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

6.      Any action that may be subsequently filed in, or transferred to, this district, which is related to, and which may be considered with, this consolidated action, shall be consolidated with this action.  This order shall apply to any such action, absent an order of the court.  A party objecting to such consolidation, or to any other provision of this order, must file an application for relief from this order within ten days after a copy of this order is received from the court clerk by the party's counsel.

7.      The motion of Dr. Mein for appointment as lead plaintiff and approval of lead counsel filed in the Ventrillo action (doc. no. 16) is **GRANTED in part** and **DENIED in part**.  Dr. Calvin E. Mein is appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B), and Dr. Mein's selection and retention of Levi & Korsinky, LLP as lead counsel is hereby approved pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).   The court declines to approve Dr. Mein's selection and retention of Caruso & Smith, PLLC as liaison counsel.  Dr. Mein will recommend a law firm with an office in Oklahoma City to be appointed as liaison counsel within 14 days from the date of this order.  The remaining motions for appointment as lead plaintiff and approval of lead counsel in the Ventrillo action (doc. nos. 19, 27, and 30) are **DENIED**.

8.      Lead counsel shall have the following responsibilities and duties on behalf of lead plaintiff and the putative class members:    (1) the preparation and filing of all pleadings; (2) the briefing and argument of all motions; (3) the conduct of all discovery proceedings including depositions; (4) the selection of counsel to act as spokesperson at all pretrial conferences; (5) settlement negotiations; (6) the pretrial discovery proceedings and the preparation for trial and the trial of this matter; (7) the delegation of work responsibilities to selected counsel as may be required;

and (8) the supervision of all other matters concerning the prosecution or resolution of the action.

       9.    Within fourteen (14) days from the date of this order, lead counsel and counsel for defendants shall confer and submit to the court a proposed agreed-to schedule for filing a consolidated amended complaint and for answering or otherwise responding to the consolidated amended complaint.

      DATED this 23rd day of April, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-1019p014.docx